Parker, C. J.
A verdict has been taken in this case for the plaintiff, subject to the opinion of the Court, whether, upon the facts reported, the action can be maintained. The title of the plaintiff to support the action is not questioned, if it can be maintained at all.
The rents, received for the use and occupation of the tenements leased by the defendant, are not made the subject of this action;† so that the only question is, whether one tenant in common of real estate, who occupies the whole estate, without claim on the part of *135 his cotenants to be admitted into possession, and without hinderance by him of such possession, is liable to this action of account.
The action of account is maintainable only against a bailiff; and a bailiff can only be one who is appointed such, or who is made such by the law ; which latter instance applies only to a guardian, who is bailiff of his ward, and who is liable, not only for rents and profits actually received, but also for those which he might have received by a proper management of the estate.
One tenant in common may, by contract, make another his bailiff or receiver ; and, if he does, he may bring him to account in this form of action ; and, probably also, to avoid a process considered in some degree troublesome, might sue him in indebitatus assumpsit as on a promise to account. But this must be for rents and profits actually received beyond his share. For by the common law no remedy is given * for a mere sole use and occupation by [*153] one of the tenants ; for it is in the power of each tenant at any time to occupy ; and the not doing it by one would look like an assent that the other should occupy the whole. For he has a right to occupy the half of every part, every room in a house, and every portion of a wharf or store ; and it is by compact only between them, that either can be confined to any specific portion of the common estate.
In Co. Lit. 200 b. the law upon this subject is thus laid down. “ If one tenant in common maketh his companion his bailiff of his part, he shall have an action of account against him. But, although one tenant in common, without being made bailiff, take the whole profits, no action of account lies against him ; for, in an action of account, he must charge him either as a guardian, bailiff, or receiver, which he cannot do, unless he constitute him his bailiff.”†
Nor is this law unreasonable ; for, if one joint-tenant or tenant in common, finding the estate unoccupied by his companion, either from negligence, or because he may not deem it for his interest to occupy it, should take the whole into his possession, it would be hard to make him liable for rent; when, perhaps, he occupied the whole for little other reason, than that it would otherwise be unoccupied. Besides, as each tenant is seized per mi 8f per tout, an entire occupancy by one, of any particular part, would subject him to an action, as much as the entire occupation of the whole tenement ; which would be absurd and unreasonable.
That this is the common law doctrine, if any doubt existed, would be proved by the interference of the British Parliament in the statute of 4 Ann. c. 16; it being thought necessary to enact by that statute that an action of account should lie by one tenant in common against *136 another, who has actually received more than his share of the profits Whether this statute is in force in this Commonwealth, in consequence of its having been adopted and used here, needs not be determined ;(1) because, if it were in force, it would not aid the plaintiff in the present action ; — first, because the plaintiff [ * 154] * has not charged the defendant with having received rents and profits, otherwise than by his occupancy ; and, secondly, because, under that statute, it is not the action of account, but an action upon the statute, or upon the particular circumstances which give the action, that ought to be brought. This wt-is de termined in the case of Wheeler vs. Horne (2), which was cited in the argument.†
For these reasons we are all satisfied that the verdict in this case cannot be sustained. It is therefore to be set aside, and the plaintiff must be called.‡

Plaintiff nonsuit.

 Vide Sherman vs. Ballou, 8 Cowen, 304.

 Bac. Ab., Joint-tenants, (L), vol. 4, p. 517, 7th ed.

 Vide 9 Mass. Rep. 542.

 Willis, Rep. 208.

 Wheeler vs. Horne, Willis, Rep. 208. — Vin. Ab., Joint-tenants, (R. a pl. 14.) — Morton vs Knowles, 8 D. & E. 145. —Miller et al. vs. Miller, 7 Pick. 133.
It does not seem to be necessary that the defendant should have received profits otherwise than by his occupancy, in order to give a cause of action to the plaintiff upon the statute. It is sufficient, if he have in any way received more of the issues or profits than comes to his just share and proportion. 4 Anne, c. 16, § 27. — Dane’s Ab, Ch. 8, Art. 3, § 13.

 [The action of account is now abolished in this Commonwealth. See Rev. Stat., Chap. 118, § 43. — Ed.]