Gowen *v.* Shaw.

---

## Gowen *versus* Shaw.

Assumpsit, by one tenant in common against his co-tenant, for use and occupation of the common property, will not lie on an *implied* promise.

But when a tenant in common has received more than his share of the rents of the common property in money, or as bailiff of the other, assumpsit to recover it may be maintained by his co-tenant.

On Report from *Nisi Prius*, Appleton, J., presiding.

Assumpsit, to recover the rents and profits, and for use and occupation of an undivided half of lot No. 8, east side of Marsh Island, in Oldtown.

The plaintiff claimed title to three fourths of the lot by deed from one Augustus Gowen, executed in Nov. 1842, and, in Dec. following, petitioned for partition thereof. That pe-

tition was resisted by defendant as to two quarters of the lot claimed, but, in 1848, the prayer of the petitioner was granted and three fourths of the lot were set out to plaintiff by metes and bounds, and all the proceedings in relation thereto affirmed by the Court.

From the time plaintiff's title originated to the time of partition, three quarters of said lot were occupied by Benj. Shaw, senior, under the defendant; the other fourth being occupied by a tenant under the plaintiff.

In Oct. 1847, the plaintiff conveyed by deed all his interest in the premises to one Albert N. Gowen.

This suit was commenced in May, 1850, to which was pleaded the general issue and the statute of limitations.

There was no evidence that the under tenant of the defendant ever paid him any rent for the three quarters of the lot while plaintiff's petition was pending.

Upon this evidence, a nonsuit or default was to be entered, as the Court might determine the legal rights of the parties,

*Hilliard,* for defendant. The rights of the parties must be determined as they exist at common law, modified by the statute of Anne. By the 4th Anne, c. 16, if a tenant in common receives rents and profits, otherwise than by actual occupation, he is made a bailiff of his co-tenant, and is accountable according to his title. *Sargent* v. *Parsons,* 12 Mass., 148; *Sturdivant* v. *Smith,* 29 Maine, 387; *Munroe* v. *Luke,* 1 Met. 459.

To maintain this action, the plaintiff should have shown that defendant had received rents and profits from B. Shaw, senior, more than his proportion; that he has failed to do. *Mason* v. *Mason,* Law Reporter, July, 1848.

*I. Washburn, jr.,* for plaintiff.

1. The form of this action is right. Assumpsit is maintainable. *Munroe* v. *Luke,* 1 Met. 459. This case is approved in 31 Maine, 34. The judgment in partition is sufficient evidence of seizin, as appears from Met. before cited. I refer, also, to 8 Pick. 376. No other action will lie but

this, as there was no actual ouster. 13 Maine, 25. He cannot be remediless.

2. It is not necessary to prove that the defendant actually received rents or profits from *another*. It is enough that he occupies the premises by himself or agent. Such occupation implies a promise to pay reasonable rent. *Jordan* v. *Jordan,* 4 Maine, 175; *Cummings* v. *Noyes,* 10 Mass. 433; *Porter* v. *Hooper,* 13 Maine, 25.

3. The presumption is that defendant did receive rent for income.

APPLETON, J. — This is an action brought by one co-tenant against another to recover for the use and occupation, and for the rents and profits of the common property.

Each tenant in common is seized *per mi and per tout,* and has a right to occupy the whole if his co-tenant does not interfere. The common law gives no remedy for a mere sole use and occupation by one tenant. Where one tenant in common has the sole occupancy, no action is maintainable upon an implied promise. To entitle the plaintiff to recover for use and occupation an express promise must be shown. *Sargent* v. *Parsons,* 12 Mass. 148; *Wilbur* v. *Wilbur,* 13 Met. 404.

It has been repeatedly held in Massachusetts that the stat. 4 & 5 Anne, c. 16, which provided, that an action of account might be brought by one joint tenant or tenant in common against another, as bailiff, for receiving more than his just share or proportion of the rents and profits of the common estate, has been adopted and practised upon as law prior to the adoption of their constitution, and therefore must be considered as the law of that Commonwealth. *Brigham* v. *Eveleth,* 9 Mass. 538; *Munroe* v. *Luke,* 1 Met. 459. In the case already cited, of *Brigham* v. *Eveleth,* it was held, that where money had in fact been received and the liability to account had resulted in a duty to pay money, that *indebitatus assumpsit* might be maintained.

But the plaintiff fails to show that the defendant has re-

ceived any rents or profits and does not bring himself within the stat. of Anne, even if that were to be regarded as part of the law of this State. " Though an action" says WILLES, C. J., in *Wheeler* v. *Horne*, Willes, 208, " therefor may be brought by one tenant in common against another, since this statute, yet it is an action of a very different nature from an action of account against a bailiff at common law. Because a bailiff at common law is answerable not only for his actual receipts, but for what he might have received of the land, without his wilful default, as is expressly held in Co. Lit. 172, a, and in many other books; but by the plain words of the statute, a tenant in common, when sued as bailiff, is answerable only for so much as he has actually received more than his just share and proportion." This, as is remarked by POLLOCK, C. B., in *Stinton* v. *Richardson*, 13 Mees. & Wels. 17, has not been contradicted by any subsequent decision and must be regarded as law. No case can be found where an action of assumpsit can be sustained unless where one tenant has actually received rents and profits, or holds the share of the other as bailiff. *Mason* v. *Mason*, 1 Law Rep. N. S. 119. The case of *Munroe* v. *Luke*, 1 Met. 459, and of *Buck* v. *Spofford*, 31 Maine, 34, which have been cited by the counsel for the plaintiff, are in no respect adverse to the principles here advanced. In both of those cases the defendant had received the rents and profits in money, and was justly held to account for the same. But such was not the fact here. There is no evidence that the defendant has received any thing from the tenant occupying the premises. The burthen was on the plaintiff to show that he has in his hands more than his just share and proportion. This the plaintiff has entirely failed to do and must therefore submit to a nonsuit.

<div align="right">

*Plaintiff nonsuit.*