### WILLIAM V. MOSES & *al. versus* GEORGE ROSS.

At common law, one tenant in common, of a personal chattel, could not maintain an action against his co-tenant, who had received more than his share of the rents and profits.

But the tendency of decisions in this country has been to do away the technical difficulties which impeded the recovery by one co-tenant in a suit against another.

Assumpsit for money had and received may be maintained by one co-tenant against another for the proportion of money due the plaintiff, and in the hands of the defendant, on account of the sale or lease by him of the common property.

In a suit by one co-tenant against another, based on the statute of 1848, c. 61, it must be alleged and proved, that the joint estate has yielded " rents, profits or income," and that the defendant has taken the common property " without the consent of his co-tenant."

ON FACTS AGREED.

ASSUMPSIT, brought to recover of defendant the plaintiffs' share of the use or rent of a certain printing press owned in common.

The plaintiffs owned two-ninths of the said press, the defendant owned five-ninths of it and the remaining two-ninths were owned by persons not parties to the suit. The press had been used by defendant, as he had occasion to use it in his business, which was that of a printer, for the space of six years, one month and sixteen days. It was admitted that, at a reasonable time prior to the commencement of this suit, and after the use of the press by defendant as aforesaid, the plaintiffs had requested the defendant to pay them for said use. It was agreed that if, upon the above facts, the plaintiffs were entitled to recover the defendant should be defaulted, otherwise the plaintiffs become nonsuit.

*Bronson & Sewall*, for plaintiffs, contended that a remedy was provided for this and similar cases by the Act of Aug. 8, 1848.

It would be a reproach upon the law, if the defendant could not be compelled to pay what he admits to be justly due.

At common law, the defendant would be liable for the use

and income of the property received and enjoyed exclusively by him.

*John S. Baker*, for defendant.

Plaintiffs and defendant were tenants in common of said printing press. One tenant in common of a chattel cannot recover of his co-tenant for the use and occupation of the common property. *Sargent* v. *Parsons*, 12 Mass. 149; *Ballou & als.* v. *Wood & als.*, 8 Cush. 48; *Martyn* v. *Knowllys*, 8 T. R., 145; *McCrillis* v. *Banks*, 19 Ver., (4 Washb.,) 442.

There is nothing to show that defendant used said press more than his proportion of the time, or that he in any way interfered with the rights of the plaintiffs.

If there were no other defence this action cannot be sustained, because all the owners of said press are not made plaintiffs in the suit.

To maintain an action under the stat. of 1848, the plaintiff should allege and prove the receipt by the defendant of the whole, or more than his share, of the rents and profits or income, without the consent of the co-tenant. This he has not done.

APPLETON, J.—At common law this action could not be maintained. "If two be possessed of chattels personalls in common by divers titles, as of a horse, an oxe or cowe, &c., and if the one take the whole to himself, out of the possession of the other, the other hath no other remedie but to take this from him who hath done to him the wrong to occupie in common, &c., *when he can see his time (quant il poet voir son temps," &c.)* Co. Lit. § 322. An action for money had and received will not lie by one tenant in common against his co-tenant, who has received more than his share of the profits. *Thomas* v. *Thomas*, 5 Wels. Hurts. & Gor., 29. The tendency of decisions in this country has been to do away with the technical difficulties, which impeded the recovery of one tenant against another. "In New York it has been frequently held," says NELSON, C. J., in *Cochran* v. *Canington*, 25 Wend. 410, " that on the sale of a chattel by a joint owner and

*receipt* of the money, the co-tenant may recover his moiety in the action for money had and received." The same principle applies when the common property has been leased and the rent has been paid. *Brigham* v. *Eveleth,* 9 Mass. 538. But to authorize a recovery, the funds must have been received and in the hands of the co-tenant against whom the suit is brought. In order to support such an action, it must appear, not merely that the defendant has received more than his share of the entire profits of the property or estate held in common, after deducting all reasonable charges; but that the balance is due to the plaintiff, and not to the other co-tenants. *Shepard* v. *Richards,* 2 Gray, 424.

The plaintiffs failing to make out a case which will authorize them to recover, according to the rules of the common law, claim that this action may be maintained under the Act, c. 61, approved Aug. 8, 1848, "giving further remedies to tenants in common." By § 1, it is provided, that one co-tenant may maintain an action of special assumpsit to recover his share, "whenever any joint tenant or tenant in common shall *take and receive the whole* of the *rents, profits* or income of the joint estate, or more than his share of the same, *without the consent of his co-tenant,*" &c. The declaration contains no allegation, that the defendant has taken the common property "*without the consent* of his co-tenant." Indeed, if such fact has been alleged, it is wholly unsustained by the facts as agreed upon by the parties. The case is equally destitute of any proof, that the joint estate has yielded any "rents, profits or income," without which there is nothing of which the plaintiff has been deprived, or in which he is entitled to share.

According to the agreement of the parties, a nonsuit must be entered.                                        *Plaintiff nonsuit.*

RICE, CUTTING, and MAY, J. J., concurred.