# COUNTY OF HANCOCK.

### CHARLES E. JARVIS *versus* SAMUEL NOYES.

A part owner of a vessel, hired to the master on shares, who has received from the master her earnings, disbursed money for her repair, &c., is liable *as receiver*, to a co-owner of the vessel, for his portion of the net earnings, in an action of *account*.

But, whether as *bailiff*, — *quære*.

THE declaration in the writ is, — " in a plea of ACCOUNT, for that the defendant was bailiff of the plaintiff at said Castine, from the first day of January, A. D. 1850, to the day of the date hereof, [Oct. 10, 1856,] and had the care and management of one-eighth part of the schooner Eglantine, and of her earnings belonging to plaintiff, and was a part owner of said schooner, to wit, one —— part; and, during that time, received a large sum of money for earnings, as aforesaid, belonging to the plaintiff, of which he was to render an account on demand, to wit, the sum of $200. Yet, though often requested, the said defendant has not accounted for, nor paid said sum, but neglects," &c.

The case comes up on Report of DAVIS, J., of the evidence offered at *Nisi Prius*. The facts and evidence contained in the report, material to the question presented for decision, appear in the opinion of the Court.

Jarvis *v.* Noyes.

*C. J. Abbott*, for plaintiff, argued, —

That an action of *account* may be maintained by one owner of a vessel, against a co-owner for his part of her earnings in the hands of the co-owner, as well as a bill in equity. R. S., c. 82, § 62; *Hardy* v. *Sprowl*, 33 Maine, 508; *Closson* v. *Means*, 40 Maine, 337. In *Hale* v. *Hale*, 3 Day's Cases, cited in 1 Dane, c. 8, § 11, page 165, where one part owner of a vessel had taken more than his proportion of the ship's money, an action of *account* was considered a proper remedy. It lies, also, for one partner against another, where the accounts are usually much more complicated than in the case of part owners of vessels. Dane, *Ibid*, § 8; and in § 9, it is laid down, generally, that *account* lies *in every case* where one has received money to the use of another. And, also, against the agent of prize shares, by one entitled to a share. 1 Dane, c. 8, art. 2, § 8.

Account lies against one who is bailiff or receiver. Bac. Ab., title Account, A.

A bailiff is one who has charge of lands, goods or chattels, to make the best benefit to the owners. 1 Selwyn's N. P., page 2, note 2. And this seems to have been the relation of defendant to plaintiff, (and the vessel,) in this case. He was the agent of the vessel, or ship's husband, and, as such, had the care and management of her, and received her earnings; for his part of which, plaintiff claims he shall account.

Defendant might also, perhaps, be chargable as receiver, and, if necessary, plaintiff desires leave to amend by adding a count thus charging him.

*T. Robinson*, for defendant.

This is an action of account, wherein plaintiff alleges defendant to be his bailiff, which defendant, by his plea, denies, and this presents the only point in issue, in the present state of the case. The remedy here invoked, though not entirely obsolete, has become, by non-user, very nearly so in this State. The only reported case being that of *Closson & al.* v. *Means*, 40 Maine, 337, wherein no question seems to have been raised

as to the form of action. There were no pleadings had, or issue joined, and the only matter therein decided as applicable to any other case is, that our statute sanctions such form of action in appropriate cases.

In *Jones & al.* v. *Harraden*, 9 Mass. 540, the opinion of Lord Holt is quoted with favor, "that, whenever account could be maintained, *indebitatus assumpsit* might be also." Our Courts have repeatedly refused to sustain actions of assumpsit, between part owners of vessels, until after an adjustment of accounts, and an ascertainment of balances; and one main reason assigned for such refusal, in many cases, has been that it exposes parties, as in the present case, to a multitude of suits about the same thing, when, if the parties do not adjust among themselves, one process, far more appropriate and efficient, a suit in equity, would bring the whole matter to a final conclusion, relieved of every impediment. In this respect, account has no advantage over assumpsit. This principle is fully sustained in *Dodge* v. *Hooper*, 35 Maine, 536, and in many preceding cases, as they have come before this Court, and if the Court, in such cases, will not sustain the familiar action of assumpsit, which is broad enough to meet almost every case where money is claimed by one party from another, it is difficult to perceive how the waking up of this antiquated remedy will restore lost rights, and cause the Court to retrace its steps, and allow parties to luxuriate in a multiplicity of lawsuits, by a simple change of form.

When the Court decided, in *Dodge* v. *Hooper* and other cases there cited, that *no action* could be maintained by one part owner of a vessel against another, for the avails, until after a settlement as to her earnings and disbursements, the action of account, as well as all other actions at law, was manifestly intended; the term "no action" being sufficiently comprehensive to embrace all such forms of proceeding in Court as are known as actions of law. If plaintiff is simply claiming his proportion of six hundred dollars, acknowledged by defendant to have been by him received, he has clearly mistaken his remedy. He should have sued in an action of

assumpsit, and not of account, the law being as laid down on the 95th page of Oliver's Precedents, 2d edition. The action of account does not lie against one for any *ascertained* sum of money, but only for *uncertain* damages.

The fact, that defendant assumed to act as agent of the vessel, is controlled by the other superior fact, that the master sailed the vessel on shares, in the ordinary way, and thus, as owner, *pro hac vice*, having the possession and management, to the exclusion of the general owners. The defendant, then, could only have been agent of the vessel to a very limited extent, at most, only receiving, from time to time, such part of her earnings as the master might pay over to him, and disbursing bills that come against her, and were not paid by the master, from the funds so received.

The case finds that there were six owners, that plaintiff owned one-eighth, that defendant was a part owner, and that three part owners have brought their separate actions of account. It does not appear to what extent defendant had assumed liabilities for the vessel, or what amount he had disbursed on her account, after the admission as to the six hundred dollars.

It would not require much time, or very large repairs and improvements, to wholly exhaust so small a fund. But the action of account, as here attempted to be put in force, exhibits no advantage over the common action of assumpsit; both are equally liable to the same objection, only adjusting by parts, and by many suits, what could more properly be fully concluded by one process. But, if the plaintiff will resort to this form of action for the enforcement of the claim he sets up, he should be held to follow the remedy strictly, as is laid down on 95th page of Oliver's Precedents, before cited; there must not only be shown to be a privity of contract between the parties, but all must *join* and be joined.

But defendant denies that he ever was plaintiff's bailiff, and it is most evident that the case is entirely deficient of material facts to sustain such allegation. The most that is shown, is that, being a part owner of a vessel, he assumed to act as

Jarvis v. Noyes.

agent to a very limited extent, simply receiving money of the master and paying bills. Being a part owner, and the other owners not appearing, this service seemed to be rather forced upon him than sought. The vessel being let to the master on shares, defendant could exercise no control, as agent or owner, in her management, nor did he ever attempt so to do. He simply received such portion of the earnings of the common property as the special owner and exclusive manager saw fit to pay over, from which he disbursed as occasion required. This relation constitutes defendant, at most, but a receiver, and held to account only for moneys received, and not as bailiff, to account for the right management and proper income of profits of the thing entrusted to his employment, and so his defence, if sued as receiver, would be materially and entirely different from his answer to the present action. The present action must, therefore, fail, if for no other cause, because it does not charge defendant in his proper capacity. 2 Greenl. on Evidence, article Account, §§ 34, 35, 36 and 37.

The opinion of the Court was drawn up by

GOODENOW, J. — The report presents only one question for the decision of the Court, which is, whether an action of account can or cannot be maintained, upon the facts stated. It is admitted, or proved, that the plaintiff was owner of one-eighth part of the Eglantine, and that the defendant was also part owner of the same vessel; that the defendant had no written authority from his co-owners, to act as agent of the vessel, but that he had always acted as such, had received her earnings, had paid some of her bills, (the master having also paid a part of them,) and had paid out, at different times, several sums, from her earnings, to the respective owners; and that, in April, 1854, the defendant stated to the plaintiff, that there was in his hands six hundred dollars of the earnings of the vessel, belonging to the owners.

It was also proved that there had been no settlement among the owners of said vessel; that she was sold by them in April, 1854, and that the plaintiff, the defendant, Mark H.

Perkins, Sylvanus Rich, John Dresser, and Samuel W. Hall, were part owners of her, and that separate actions of account had been commenced by said Perkins and Rich, to recover their respective shares of the earnings, of said vessel, against the defendant, which actions are now pending. Said vessel was sailed on shares, and the earnings, in the hands of the defendant, were received by him of the master.

The form of proceeding by "an action of account" was recognized in Massachusetts before the separation of Maine. It has been expressly recognized in this State. In *Hardy* v. *Sprowl*, 33 Maine, 508, Mr. C. J. SHEPLEY says, "If no other mode can be agreed upon, the remedy is by action of account." It is recognized by our statutes, and the mode of proceeding somewhat changed and simplified. When the interlocutory judgment has been rendered that the defendant do account, and he shall unreasonably neglect to appear, or appearing, to render an account before auditors appointed to take it, they shall certify the fact, and the Court may enter a default and judgment thereon, or cause the damages to be assessed by a jury. R. S., c. 82, § 62.

This form of proceeding may now be regarded as more simple and direct, in producing an adjustment of accounts between persons who may not sue or be sued in an action of *assumpsit*, than a bill in equity; and it may be precisely for this reason that it is still preserved; notwithstanding it "has fallen into disuse," as Professor Greenleaf says, "in most of the United States." It is, he admits, a legal remedy, where not abolished by statute.

We are inclined to the opinion, from the evidence reported, that the plaintiff is entitled to recover of the defendants as *receiver* only, and not as *bailiff;* that is, the amount he has actually received, and not the amount he might have received.

An action of *account* lies against a bailiff, not only for what profits he hath made and raised, but also for what he might have made and raised, by his care and industry, his reasonable charges and expenses deducted. Co. Lit. 172.

One merchant may have *account* against another, where they

occupy their trade together; and, if one charges me as *bailiff* of his goods *ad merchandizandum*, I must answer for the increase, and be punished for my negligence; but if he charges me as *receiver, ad computandum*, I must be answerable only for the bare money or thing delivered.    Co. Lit. 272.

The case finds that the defendant "had always acted" as' agent of the vessel, &c.    From these facts, we think his *appointment* by the plaintiff may be fairly inferred.    In *Sargent v. Parsons*, 12 Mass. 148, PARKER, C. J., says:—" The action of account is maintainable only against a bailiff; and a bailiff can only be one who is *appointed* such, or who is made such by law, which latter instance applies only to a guardian, who is bailiff of his ward, and who is liable, not only for rents and profits actually received, but also for those which might have been received by a proper management of the estate.    The plaintiff may deem it expedient to ask leave to amend." 2 Greenl. Ev. § 36.

The defendant is ordered to account, and the action is to stand for further proceedings.

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and CUTTING, J. J., concurred.