S. H. OSBORN ET AL. V. FANNIE OSBORN, GUARDIAN.

(Case No. 1796.)

1. JURISDICTION.— Suit for the partition of land may be maintained in any county in which a portion of it is situate; and when the action is brought in the district court for the partition of an estate, it may be maintained in any county in which any of the land is located.

2. SEPARATE PROPERTY — PRESUMPTION.— One who asserts separate property rights in himself to property acquired during the life of his wife, or after her death with means in his hands at the time of her death, must prove it. The presumption is that it is community property.

3. TENANT IN COMMON — PARTITION.— In making partition between tenants in common, it is proper to award to one of them in possession, who has made improvements, the particular tract occupied by him, when this can be done without prejudice to other interests.

4. USE AND OCCUPANCY BY JOINT TENANTS.— Though a tenant may use the common property without liability to his co-tenant, when the occupation is not adverse, yet if he excludes his co-tenant under a claim of exclusive right, the co-tenant is entitled to compensation to the extent of the use of which he has been deprived improperly.

5. SAME.— The authorities are conflicting as to whether a tenant in common who uses the entire common property, though without claiming the right to its exclusive use, and who is not applied to by the other owners to be admitted to its enjoyment, will be liable for the value of the use, over and above the proportionate interest of such tenant in common. If, however, he rents the common property, his co-tenants are entitled to their *pro rata* share of the rents received.

APPEAL from Rusk. Tried below before the Hon. A. J Booty.

Fannie Osborn, widow of John D. Osborn, Sr., and guardian of his and her minor child, John Osborn, Jr., brought this suit against S. H. Osborn, the father of her husband, and William and Gay Osborn, and alleged:

*First.* That S. H. Osborn's wife, who was her husband's mother, died in 1872 leaving a large community estate, one-half of which descended to John and his two brothers, William and Gay, and one-third of which half descended to her said husband, and at his death in 1880 descended to his son John, then her ward, and prayed for judgment for her ward's interest.

*Second.* That after the death of John's mother, Sarah Jane Osborn, her (Sarah Jane's) mother, Mrs. Shaw, died, and said S. H. Osborn received Sarah Jane's portion of her mother's estate, one-third of which belongs to her ward as John's heir.

*Third.* That a certain tract of land of one hundred and seventeen acres, on which they were living when John, Sr., died, was given to him by his father, and on the faith of said gift, John, as soon as he married in 1879, went on said land and made permanent and

valuable improvements, and lived there till his death, and his father had never made him a deed as he had promised; she prayed for specific performance in that respect, and offering to deduct the value of the one hundred and seventeen acre tract of land out of her ward's interest in said community estate.

*Fourth.* That the community estate, which she prayed should be partitioned to her ward, consisted of six tracts of land, besides personal property, and some of said land was located in Panola county, where defendants Osborn resided; and that one Owens and Hannah were setting up claims to two tracts in Panola county, under defendant S. H. Osborn, and she made them parties defendant.

Defendants pleaded to the jurisdiction of the court as to Owens and Hannah, general denial, and claimed the property as the separate property of S. H. Osborn. Verdict and judgment for plaintiff.

The record is quite voluminous, the charge of the court alone covering nineteen pages.

*N. G. Bagly* and *Drury Field*, for appellants.

*J. H. Gould*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— The action of the court below on the plea to the jurisdiction filed by the defendants Hannah and Owens was not erroneous.

The action, in so far as they were concerned, was one for partition, and although the land on which they were was situated in a county other than that in which the suit was brought, yet, as a part of the estate to be partitioned was situated in Rusk county, and some of the defendants resided there, the district court for that county had jurisdiction. R. S., 1198, subdivision 12; Carro *v.* Carro, 60 Tex., 395.

The evidence showed that S. H. Osborn, during the life-time of his wife, acquired the property sought to be partitioned, or that such as was not so acquired was acquired with property in his hands at the time of her death.

This being true, the court correctly instructed the jury that the burden of proving that such property was acquired with the separate means of S. H. Osborn rested upon him.

The charge of the court, taken all together, presented the question of community property, or not, very fairly to the jury, and we are not prepared to say that such evidence was offered by the defendants as would be sufficient to rebut the presumption that the

property possessed by S. H. Osborn and his wife at the time of her death was community property.

Under such a state of facts, the jury having found that the property in controversy was community property, their verdict must be held conclusive of that fact.

The right of the ward of the appellee, under the pleadings and facts, to the particular tract of land claimed for him, does not depend solely upon the question whether such facts existed as would have enabled the father of the ward to compel specific performance of the parol agreement made between him and his father, had they been strangers in title. Such facts might not be shown to exist, and yet as against S. H. Osborn the parol agreement be enforced, as a partial partition thus made between tenants in common; which, under the finding of the jury, S. H. Osborn and his son must be held to have been. Stuart v. Baker, 17 Tex., 417; Huffman v. Cartwright, 44 Tex., 301.

The petition does not assert title to the particular tract of land solely through a parol gift from S. H. Osborn to his son, but claims through the interest in all the lands which the father of the ward had by inheritance from his mother, as well as through the parol agreement with his father.

The father of the ward was placed in possession of the land by S. H. Osborn, and was living upon it at the time of his death, having made some improvements thereon; and under this state of facts, if the particular tract of land can be given to the ward in partition without injury to the other heirs of Mrs. S. H. Osborn, we see no good reason why this should not be done.

The first part of the judgment, taken alone, would seem to give the Dolly Roquemore tract of land to the ward of the appellee without reference to the rights of the other heirs of the deceased wife of S. H. Osborn; but the other parts of the judgment show that this was not intended, and that it was intended to give that particular tract to the ward, if it could be done without prejudice to the other heirs, whose rights were fully protected.

The judgment does not give to the ward of the appellee any greater right in the entire community property than he would have been entitled to, without reference to the parol agreement between S. H. Osborn and the father of the ward.

It is unnecessary to consider what the right of the ward of the appellee would have been, under the parol agreement made between his father and S. H. Osborn, had it been found that the property was the separate estate of the latter.

The appellee recovered for the share of rents on community lands, other than the homestead of S. H. Osborn, which was in proportion to her ward's share in the community lands held and controlled by S. H. Osborn exclusively, from the time of the death of his wife, and it is insisted that this was error.

It may be admitted that one tenant in common has the right to enter upon and use the entire common property, without liability to account for such use and occupation, unless he excludes his co-tenant from a like occupancy; but when his occupation becomes exclusive, and thereby a co-tenant, alike entitled to use, is prevented from using, then such co-tenant, excluded, is entitled to compensation to the extent of the value of the use of which he has been deprived by the exclusive use by another co-tenant of the entire common property.   Neil *v.* Shackelford, 45 Tex., 131.

The evidence fully sustains the claim that the use of the common property by S. H. Osborn was an exclusive and hostile use and holding, continued even until the very last pleadings filed in this case, in which he denied the common ownership and asserted that the property was his separate estate.   Under such state of facts he would be liable for the reasonable value of the use of the share of the common property which belonged to the ward of the appellee. Izard *v.* Bodine, 3 Stockton, 404.

It is not necessary in this case to consider whether one tenant in common who uses the entire property owned in common, without application from other tenants in common to be let into the common enjoyment of the property, or without some act indicating an intention to use exclusively, may be held liable for the value of the use over and above such tenant's proportionate share in the property.   Upon this question there is some conflict of authority.

The inference from the record is that the common property had been rented by S. H. Osborn to other persons, from whom he had received rents, and in such case there is no doubt of his liability to other co-tenants for their *pro rata* share of rents received.

There are many assignments of error copied into the brief for appellants, but not therein otherwise presented.   These are considered to be waived, and all others deemed material to the proper disposition of the case have been considered, and no material error thus presented being found, the judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered November 28, 1884.]