In the Matter of THE FINAL SETTLEMENT OF BARBARA A. TYLER, Guardian, etc., Respondent, v. GEORGE L. CARTWRIGHT AND MARY L. CARTWRIGHT, Objectors, Appellants.

St. Louis Court of Appeals, April 1, 1890.

1. **Dower.** When a widow elects to take an undivided share of her husband's estate under the provisions of his will, she will not be entitled to quarantine under Revised Statutes, 1879, section 2205.

2. **Tenants in Common :** ACCOUNTABILITY. When one of several co-tenants, who occupies the whole of the realty held in common, holds a position of trust towards one of his co-tenants, as if he be guardian of the person and estate of such co-tenant he is accountable to such co-tenant for the latter's share of the reasonable rental value of the realty during such occupancy ; the liability resting on his obligation to make his ward's property productive.

3.  **Judgment:** RES ADJUDICATA.  When several persons acquire
realty as tenants in common under a will, and one of the tenants
in common is both executrix of the will, and guardian of the per-
son and estate of one of her co-tenants, a final settlement made by
her as such executrix, in which she does not charge herself with
the rental value of the realty during her occupancy thereof, is not
*res adjudicata* as to a claim of her ward for a share of such rental
value, for which she is liable in her capacity as guardian owing to
her obligation, as such, to render her ward's estate productive.

4.  ———— : ————.  Neither will the judgment in a suit for the parti-
tion of the realty, in which no claim for such rental value was
made, debar the ward from claiming her share of such rental
value from her guardian, though she and her guardian were par-
ties to the suit, and she was of age at the time of the partition.

5.  **Guardian and Ward:** PENAL INTEREST.  When a guardian fails
to charge herself with the share of the ward of the rental value of
realty owned in common by the guardian and ward, but occupied
exclusively by the guardian, and where the guardian in so doing
does not act out of bad faith, the guardian should not be charged
by way of punishment with the highest interest, compounded;
interest, in such case, should only be allowed so far as requisite to
compensate the ward for the loss suffered.

*Appeal from the St. Charles Circuit Court.*—HON.
W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*Lackland & Wilson*, for the appellants.

(1)  Barbara A. Tyler had no quarantine in the
home place under section 2205, Revised Statutes, 1879.
She was a devisee under her husband's will and a tenant
in common with her ward and the other devisees, and
liable for said rents. R. S. 1879, secs. 2199, 2200;
*Wigley v. Beauchamp*, 51 Mo. 544, 547; *Griffith v.
Canning, Ex'r*, 54 Mo. 282; *Matney v. Graham*, 50
Mo. 560; *Collins v. Warren*, 29 Mo. 236, 240; *Dough-
erty v. Barnes*, 64 Mo. 159; *Gant v. Henley*, 64 Mo.
162.  (2)  The guardian was derelict and grossly neg-
lectful of her ward's interests, and is liable for the
highest rate of interest, compounded with annual rests.

R. S. 1879, sec. 2599; *Taylor v. Hite*, 61 Mo. 142; *Payne v. King*, 38 Mo. 502; *In re Davis, Ex'r*, 62 Mo. 450; *Frost v. Winston*, 32 Mo. 489, 495; *State to use v. Richardson*, 29 Mo. App. 595. ( 3 ) The rents in question were not *res judicata* either in said partition suit, or in the final settlement of Spencer C. Tyler's estate. This is shown both by the records of those cases and the agreed statement of facts. *Hickerson v. City of Mexico*, 58 Mo. 61 and authorities cited in the opinion on page 65; *Wright v. Salisbury*, 46 Mo. 26; *Wells v. Moore*, 49 Mo. 229; *Spradling v. Conway*, 51 Mo. 51; *Hull v. Lyon*, 27 Mo. 570. ( 4 ) The ward, or her heirs, in this case, can go behind the partition suit and final settlement of her father's estate, even if the rents in question had been adjudicated in those cases, or either of them. *In re Final Settlement of Wood*, 71 Mo. 623, 626.

*T. F. McDearmon*, for the respondent.

( 1 ) The judgment of the circuit court should be affirmed because the rents and profits were *res adjudicata* in the partition suit between the heirs of Spencer C. Tyler. *Spitts v. Wells*, 18 Mo. 471; *Forder v. Davis*, 38 Mo. 107; *Ragan v. McCoy*, 29 Mo. 356; Freeman on Co-Tenancy and Partition, sec. 274, *et seq.* ( 2 ) The question of rents was *res adjudicata* in the final settlement of Barbara A. Tyler, executrix of Spencer C. Tyler's estate. This same party in that settlement sought to charge the same Barbara A. Tyler with these rents, but failed. *McKinney v. Davis*, 6 Mo. 501; *Whittelsey v. Dorsett*, 23 Mo. 236; *Kennerly v. Shepley*, 15 Mo. 649; *Jones v. Brinker*, 20 Mo. 87; *Dullard v. Hardy*, 47 Mo. 404; *Julian v. Calkins*, 85 Mo. 202; *Crispen v. Hannavan*, 50 Mo. 415; *Strong v. Ins. Co.*, 62 Mo. 289; *Cooley v. Warren*, 53 Mo. 156; *Wood v. Ensel*, 63 Mo. 193. "Final settlements by administrators and executors have the force and effect of judgments and are conclusive on all persons, the heirs included,

until reversed by appeal or impeached for fraud." *Caldwell v. Rockridge*, 9 Mo. 362; *Barton v. Barton*, 35 Mo. 158; *Murray v. Roberts*, 48 Mo. 307; *Pecot v. Bates*, 47 Mo. 390; *Clyce v. Anderson*, 49 Mo. 37; *Lewis v. Williams*, 54 Mo. 200; *Sheetz v. Kirtley*, 62 Mo. 417; *State to use v. Roland*, 23 Mo. 90; *Van Bibber v. Julien*, 81 Mo. 618. (3) The premises for which rent is claimed constituted the homestead or mansion-house of Spencer C. Tyler at the time of his death, and his widow, Barbara A. Tyler, was entitled to remain in and enjoy them after his death until her rights as his widow were assigned. R. S. 1889, sec. 4533; *Holmes v. Kring*, 93 Mo. 452; *Orrick v. Pratt*, 34 Mo. 226.

THOMPSON, J., delivered the opinion of the court.

This is an appeal from the decision of the circuit court, upon an appeal from the probate court disallowing exceptions to the final settlement of a guardian. The case is presented upon a long agreed statement of facts, which it is not necessary to set out, as the sole question in contest is whether the guardian should have charged herself with her ward's proportion of the rents of the so-called "home place" during the period of about ten years, which elapsed between the death of the husband of the guardian and father of the ward, and a decree in partition.

Mrs. Barbara A. Tyler, the guardian, took one-half of the estate of her deceased husband under his will. There were eight children, one of whom was Mary L. Tyler. Mrs. Tyler was appointed guardian of her minor child, Mary L. Tyler, and also of her other children, in 1870. She continued to reside on the home place, consisting of eight hundred and six acres, from the death of her husband in 1868 until the year 1878, when by a decree of partition the home place was allotted to her as her share under the will, the children taking other portions of their father's estate. Thereafter she continued to reside on the home place, and she

resides there at the present time. In 1877, Mary L. Tyler intermarried with the objector, George L. Cartwright. It is but just to draw attention to the fact that this is not an unfilial contest by a daughter against her mother, but that Mrs. Cartwright died in 1880, leaving two children born of her marriage with George L. Cartwright, one of whom subsequently died. In 1886, Mrs. Tyler filed her final settlement as guardian of her daughter, Mary L., and objections thereto were filed by the son-in-law, George L. Cartwright, joining the surviving granddaughter, Mary L. Cartwright.

During all this time, and even for a year subsequently to her marriage, the daughter, Mary L., lived with the mother and guardian upon the home place. Mrs. Tyler never rented out the whole or any portion of the home place, and never received any rent therefor from a third person ; but she did make some additions to the family residence. In 1880, she filed her exhibit for final settlement *as executrix* under the will of her late husband in the probate court, and the present objectors, together with Hardinia B. Martin and her husband, objected to the final settlement, for the reason, among others, that she had failed to charge herself with the rents of the home farm from February, 1868, the date of the death of her husband, to March, 1878, the date of the partition ; and this question, which is precisely the same question as that presented in the present case, except that it arose on her settlement as executrix, instead of guardian, was presented to the probate court and adjudicated against the objectors.

Upon these facts three questions have been presented for our decision : *First.* Whether Mrs. Tyler, by virtue of having taken under her husband's will, and not in virtue of her rights of dower or homestead, took as tenant in common with the children ; and, if so, whether she became liable to account to her daughter, Mary L. Tyler, for her share of the rents and profits of the home place during the period in question.

*Second.* Whether this question was conclusively adjudicated in the partition proceeding. *Third.* Whether it was conclusively adjudicated on the exceptions to her final account as executrix.

I. We hold that, under the decision of the supreme court in *Wigley v. Beauchamp*, 51 Mo. 544, Mrs. Tyler, became, by virtue of her acceptance of the provisions of her husband's will, seized of an undivided one-half interest in the home place, as a tenant in common with her daughter, Mary L., who became seized of an undivided one-sixteenth interest. We further hold that, in this character, Mrs. Tyler was not entitled to quarantine, under section 2205 of the Revised Statutes, 1879.

We are with the learned counsel for the respondent that it was decided by the supreme court of this state in *Ragan v. McCoy*, 29 Mo. 356, 367, that, where one tenant in common occupies the whole estate, without any claim on the part of his co-tenants to be admitted into possession, and without hinderance by him of such possession, he is not liable to his co-tenants in an action of account. "Each tenant," said Scott, J., "is entitled to the possession, and may enter and enjoy if he will. As each tenant is entitled to his share of every part of the undivided premises, one tenant cannot gain an exclusive right to any part of them. He may enter and enjoy a portion less than his share, yet the other tenants will be entitled to their share of that portion, as each tenant is seized of his portion of every part of the undivided premises; so that, if the law were otherwise, one tenant might refuse to enter, and the other could not enjoy any portion, even one less than his share, without making himself liable to the others for a share of the profits, and that without regard to the fact whether the occupation was beneficial or otherwise to the premises. Of course, if one co-tenant ousts another, he will be liable in an ejectment, or subject himself to the law of forcible entries. But where the land is free

to all, and each may enter if he will and enjoy his rights undisturbed, there is no reason in compelling him, who does enter, to pay rent to him who neglects or obstinately refuses to do so." This decision created a rule of property in this state, which has never been overruled or disturbed by any subsequent case. It was grounded on principles of the common law, which were not disturbed by the statute of Anne, giving one tenant in common a right of action against his co-tenants, and it expresses the prevailing American doctrine. Freeman on Co-Tenancy and Partition, secs. 275, 258; *Pico v. Columbet*, 12 Cal. 414, 420; *Goodenow v. Ewer*, 16 Cal. 461; *Bird v. Bird*, 15 Fla. 424; *Crane v. Waggoner*, 27 Ind. 52; *Scantlin v. Allison*, 32 Kan. 376; *Nelson's Heirs v. Clay's Heirs*, 7 J. J. Marsh (Ky.) 141; *Bridgford v. Barbour*, 80 Ky. 529; *Israel v. Israel*, 30 Md. 120, 126; *Sargent v. Parsons*, 12 Mass. 153; *Shepard v. Richards*, 2 Gray, 424; *Woolever v. Knapp*, 18 Barb. 265; *Dresser v. Dresser*, 40 Barb. 300; *Wilcox v. Wilcox*, 48 Barb. 327; *Scott v. Guernsey*, 60 Barb. 163; *Osborn v. Osborn*, 62 Tex. 495. There are statutes in some states and decisions in others, which make the occupying co-tenant liable to account in such cases; but we need not consider them, in view of the fact that the rule is settled otherwise in this state. The true distinction is between the cases where one of the co-tenants *occupies* and *uses* the common estate, which was the case here, and the case where one co-tenant collects rent from a *third party* for the use and occupancy of the common estate. While he is not liable to account to his co-tenant in the former case, he is in the latter. Freeman on Co-Tenancy and Partition, sec. 273; *Pope v. Harkins*, 16 Ala. 324; *Barnum v. Landon*, 25 Conn. 152; *Huff v. McDonald*, 22 Ga. 161; *Crow v. Mark*, 52 Ill. 332; *Scantlin v. Allison*, 32 Kan. 276; *Bridgford v. Barbour*, 80 Ky. 529; *Buck v. Spofford*, 31 Me. 34; *Gowen v. Shaw*, 40 Me. 56; *Moses v. Ross*, 41 Me. 360;

*Shepard v. Richards*, 2 Gray, 424; *Sargent v. Parsons*, 12 Mass. 149; *Izard v. Bodine*, 11 N. J. Eq. 403; *Davidson v. Thompson*, 22 N. J. Eq. 83; *Osborn v. Osborn*, 62 Tex. 495.

But, after taking such pains to examine the cases in which this principle has been applied, we can find none which applies it to such a case as the one before us; nor do we find that it has been applied in any case where the tenant in common, sought to be charged, occupied a position of *trust* towards his co-tenant in respect of the common property. A guardian of the person and estate of a minor is, by our statute (Revised Statutes, 1879, sec. 2578), vested with full care and management of the estate of the minor, subject to the superintendence of the probate court. It is as plainly the duty of the guardian to rent out the real estate of his ward, or otherwise so manage it as that it will yield an income to him, as though the statute required him so to do in express terms. If a partition is necessary in order to enable the guardian to do this, the guardian should seasonably institute a proceeding for such partition. If the guardian, being himself a tenant in common with the ward of his estate, neglects to do this, but enjoys the full use of the estate for his own purposes, it is just and right that he should be required to account, on final settlement, for the reasonable value of the use of the ward's undivided interest. This is especially true where, as in this case, the guardian, although standing in the relation of parent to the ward, charges the ward with board during the entire period of her minority. It is true that the mother of an infant is not, like the father, bound in law for its support, but may charge the cost of its support upon its estate, where it has an estate. But a mother should not be allowed to do this, and at the same time enjoy the full benefit of the ward's estate, without accounting in any way to the ward therefor.

II.   We next come to consider whether the matter in controversy under this exception became *res adjudicata* by reason of having been contested upon the final settlement of Mrs. Tyler *as executrix* of the estate of her deceased husband.   In that proceeding Mrs. Tyler was not accounting in her character of guardian at all. Her relation to the real estate of her deceased husband in her character of executrix was entirely different from her relation to the real estate of her ward in her character of guardian.   As executrix she had the limited power, under the direction of the probate court, to lease the real estate for not more than two years at a time ( Revised Statutes, 1879, section 129 ; *Lass v. Eisleben*, 50 Mo. 122 ), and to make repairs thereon, if ordered by the court.   R. S., sec. 131.   Aside from the fact that it does not appear that she was ever ordered by the probate court to take possession of, and lease out, the real estate in her character of executrix, it is sufficient, for the purpose of disposing of this argument, to say that she was accounting in that settlement in a different character and in respect of a different trust ; and that the issues, so to speak, could not have been the same on that accounting as on the present, for which reason that final settlement could not operate as a bar to the exception to her final settlement as guardian in the present case.

III.   A closer question is presented by the objection that, as the question of liability for prior use of the real estate might have been adjusted in the proceeding for partition, the judgment in that proceeding concludes a reopening of the question in this.   It was on this ground that the learned judge in the circuit court decided the cause against the exceptors.   It has been held that a judgment in partition is *res adjudicata* as to any claim for *improvements*, made by one of the tenants in common prior to the proceeding in partition. *Spitts v. Wells*, 18 Mo. 468.   The principle of this decision seems to be that a proceeding for partition is

still so far an equitable action, that the court has power to adjust equities between the co-tenants in respect of the land, and that equities not so adjusted cannot be made the foundation of a subsequent action, because this would be tantamount to allowing an action to reform the judgment in partition. We assume that this principle would apply in ordinary cases, so that a decree in partition would ordinarily conclude a subsequent action by one of the co-tenants against another for the use and occupancy of the premises prior to the partition proceeding. But we are not clear that it applies to a case where the parties, who have been tenants in common, have sustained the relation of guardian and ward to each other. When these partition proceedings took place the former ward, Mary L. Tyler, had been of age about two years. If she had any claim against her mother of any equity growing out of the prior occupancy of the land, it could only have been either in the relation of tenant in common, or in the relation of guardian and ward. In the relation of tenant in common she had no claim which was valid in law, because, as already seen, one co-tenant is not liable to another co-tenant for the exclusive occupancy of the common land, except where he rents it out, and collects rents for it. Suppose, then, that Mary L. Tyler had undertaken to set up, in the partition suit, that her mother was liable to her as guardian for not procuring a partition of the common land and renting out Mary L. Tyler's portion of it and accounting to her for the rents, would it not have been a perfectly valid answer to say, "I am accountable to you for that, if at all, in my settlement as guardian?" We think it would, and that it would have been quite incongruous to try to make the mother account in the partition proceeding for the non-fulfillment of her trust as guardian. We, therefore, think that this matter could not have been litigated in the partition proceeding, and, as it was not so litigated, we sustain this assignment of error.

From what has already been said, it will follow that, under no circumstances, will Mrs. Tyler be liable to account for the use and occupancy of the common property after the ward became of age.

IV. We do not, however, agree with the learned counsel for the exceptors, that this guardian ought to be charged with the highest rate of interest, compounded at annual rests. That it is proper so to charge a guardian, who has for a long time had possession of his ward's money without lending it out at interest or accounting for it, seems to be as far as the cases go which have been cited in support of this argument. Where the guardian is a widow and the mother of the ward, and merely occupies the home place with the ward, under the home roof with her, without proceeding for a partition, or making annual settlements as guardian, a thing which a widow would be very apt to do in perfect innocence, if she were not carefully advised, it seems that the rule, under which she should be charged for failing to make profitable use to the ward of her estate, is the rule in *Cruce v. Cruce*, 81 Mo. 676, the rule of compensation to the ward rather than of punishment to the guardian.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.