In re Estate of ELLEN BUIE, Respondent, v. R. T. WHITE, Curator, Appellant.

**St. Louis Court of Appeals, April 29, 1902.**

1. **Guardian:** FINAL SETTLEMENT: EXCEPTIONS THERETO: TRIAL DE NOVO ON APPEAL: CARE OF WARD'S REAL ESTATE. The guardian has the care and management of his ward's real estate, and his duty requires him to make such real estate as productive as he can, and the guardian should have credit for all reasonable expenditures for repairs made by him in that behalf.

2. ———: ———: ———: GUARDIAN MAY BIND THE ESTATE OF HIS WARD HOW: SECTION 3504, R. S. 1899, CONSTRUED. A guardian can not bind the estate of his ward by borrowing money for his or her support without first procuring an order from the probate court authorizing him to do so.

Appeal from Dunklin Circuit Court.—*Hon. James L. Fort,* Judge.

REVERSED AND REMANDED.

*C. P. Hawkins* and *J. P. Tribble* for appellant.

(1) The court erred in rejecting the offer of guardian and curator to prove that he made the repairs on the ward's estate and that the repairs and fencing were necessary and beneficial to the estate of his ward; even though there had been no previous order of court allowing such expenditure. It is made the duty, by law, of the guardian and curator to take charge of, care for and manage the estate of his ward. R. S. 1899, sec. 3496; 9 Am. and Eng. Ency. of Law (1 Ed.), p. 116. (2) And he is required by statute to make annual settlements, under oath, showing the application of all moneys

In re Estate of Ellen Buie.

expended by him for the education, support and maintenance of his ward, as well as all moneys expended for the preservation of the minor's estate. R. S. 1899, sec. 3520. (3) The very wording of this section certainly implies a power in the guardian to expend money for the preservation of the estate of his ward. The language of the statute will admit of no other construction. It has been held that the guardian will be liable for the rent which he loses by reason of his failure to repair, if it appear that he could have received rents by making the needed repairs. Smith v. Gummere, 39 N. J. Eq. 27. (4) Likewise holding him responsible for a depreciation in the value of the ward's lands occasioned by his failure to make repairs. Willis v. Fox, 25 Wis. 646; Irvine v. Mc-Dowell, 4 Dana (Ky.) 629; Lewis v. Carson, 16 Mo. App. 357. (5) When a cause reaches the circuit court on appeal he must proceed to try the cause anew without regard to any error, defect or other imperfection of the record in the proceedings in the probate court. R. S. 1899, sec. 3535; In re Estate of Booth, 38 Mo. App. 456; Ferry v. McGowan, 68 Mo. App. 612; Hawkins v. Cunningham, 67 Mo. 415; Yeoman v. Younger, 83 Mo. 424. It follows, therefore, that the court decided the case, as to the items of credit claimed by the guardian for repairs, on a wrong theory.

*Walker & Cox* for respondent.

(1) A previous order of court is necessary to enable the guardian to borrow money. R. S. 1899, sec. 3504. (2) A previous order of court is necessary to enable the guardian to obtain credit for money expended for repairs. R. S. 1899, sec. 3517. (3) Guardian is not entitled to charge for board of minor, where he is *in loco parentis,* and had means of his own, and had no agreement to charge. In re Tucker, 74 Mo. App. 331. (4) Annual settlements are not even prima facie evidence in favor of the guardian. State to use v. Reeper, 82 Mo. 57.

In re Estate of Ellen Buie.

BLAND, P. J.—Appellant, guardian of respondent, on respondent attaining her majority, appeared in the probate court of Dunklin county and filed his account for final settlement. Respondent filed exceptions to the settlement. The cause was heard on the exceptions in the probate court where a judgment was rendered that was unsatisfactory to the guardian and from which he appealed to the circuit court. At the November (1900) term of the circuit court, the cause was heard anew, again resulting in a judgment unsatisfactory to the guardian and from which he appealed here after the court had denied him a new trial.

The following is a list of the items embraced in the exceptions to the settlement, which the circuit court sustained in whole or in part, to-wit:

"Item for repairs, $51.76; sustained in full.

"Item for repairs, $60.12; sustained in full.

"Item for board of minor while going to school, $30; sustained in full.

"Item for amount paid Caneer making settlement, $1.20; sustained in full.

"Item, note of 1897, one-third $100.47; sustained in full.

"Item, difference between one-third and one-fourth, Baird & Co. account, $3.85.

"Item, commission Caneer for collecting rents, $6.52.

"Item for attorney's fees, $15; sustained to amount of $10.

"Item, attending court, expenses, $10; sustained to amount of $7."

I. In respect to the two items of fifty-one dollars and twenty-six cents, and sixty dollars and twelve cents, for repairs, the guardian claimed he had paid these sums for repairs on his ward's real estate and. asked credits therefor in his final settlement. The probate court disallowed these

Vol 94 app—24

credits and the circuit court, for the reason that they had not been allowed and approved by the probate court, refused to hear any evidence as to the necessity of the expenditures. This ruling is assigned as error.

The guardian has the care and management of his ward's real estate, both real and personal. It is his duty to make the lands of his ward productive, and he is liable for the rents that he has, or should have, received from them. In re Final Settlement of Tyler, 40 Mo. App. 378. As a necessity growing out of this duty to make the ward's lands productive, he may and should make such repairs as are reasonably necessary to keep the realty of his ward in a tenantable condition. Section 3519, Revised Statutes 1899, impliedly authorizes the guardian to expend money for the preservation of the ward's estate by requiring him, in each annual settlement, to state under oath the amounts expended for the purpose of preserving the estate of his ward. Repairs are indispensable to the preservation of real estate. If a guardian is powerless to make needed repairs, the realty of minors must go to rack and decay and become unproductive. It was the duty of the circuit court to try the cause *de novo* and to review the settlement and to determine the matters in controversy anew, and revise and adjust the debits and credits according to right and justice. Ferry v. McGowan, 68 Mo. App. 612; In re Est. of Boothe, 38 Mo. App. 456. It should have inquired into the expenditures for repairs and allowed the guardian credits for them, if the expenditures were found to have been reasonable and the repairs necessary.

II. In respect to the note of one hundred dollars and forty-seven cents, it seems a former guardian had, without an order of the probate court, borrowed money for his ward and given his note as guardian therefor and that when appellant became guardian he paid the note out of his ward's estate. A guardian can not bind the estate of his ward by borrowing money for its support, without first procuring an order from

the probate court authorizing him to do so (section 3504, R. S. 1899), and the court correctly sustained the exceptions in respect to that item. In respect to the other items of objection, there was evidence that warranted the rulings of the court on them and it is not necessary to review the evidences touching them.

For error in rejection of appellant's evidence on the items of expenditure for repairs to real estate, the judgment is reversed and the cause remanded. *Barclay* and *Goode, JJ.,* concur.