SPITTS, Appellant, *vs.* WELLS & WELLS, Respondents.

1. The statutory mode of partition does not exclude the equitable jurisdiction of the subject. A plaintiff in a partition suit may claim such a division of the land as that he will receive the benefit of, or compensation for improvements made by him before partition ; and where partition is made, and he makes no objection to the report of the commissioners, he cannot afterwards maintain a suit to recover compensation for his improvements.
2. Ejectment cannot be maintained against minors upon the possession of their guardian.

*Appeal from Jefferson Circuit Court.*

This suit was commenced under the practice act of 1849, by Florence Spitts against Sarah and Solomon Wells, who were minors. The petition stated the following facts : In 1848, Sarah, Solomon and Mary Ann Wells became the owners in common of one hundred acres of land ; afterwards, the plaintiff, having married said Mary Ann, set off one third of the land and took possession of it, in good faith, under the belief that he was entitled thus to do, and made valuable improvements upon it, and paid taxes on the whole tract ; afterwards, in a suit instituted by the plaintiff for partition, that portion of the land covered by plaintiff's improvements was allotted to the defendants ; the commissioners who made the partition were not instructed to take into consideration the improvements, nor to adjust the rights of the parties, but gave to each an equal one third of the land in quantity, without regard to improvements. Plaintiff had children by his wife during coverture ; after her death, the defendants ejected the plaintiff from that portion of

the land assigned to her; the plaintiff boarded the defendants for three years.

The plaintiff prayed judgment for the taxes paid by him, for the value of his improvements and the board of the defendants, and also for the possession during his life, as tenant by the curtesy of that portion of the land assigned to his wife.

The defendants denied that they had ejected the plaintiff from that portion of the land allotted to his wife, and admitted his right to the possession of it, as tenant by the curtesy. They also admitted that they owed the plaintiff five dollars and fifty cents for taxes. They denied any indebtedness for board.

At the trial, there was evidence tending to show that the plaintiff agreed to board the defendants without charge, and the court instructed the jury that, if such was the case, the plaintiff could not recover any thing on that score. The jury were instructed to disregard the claim for the improvements, to which the plaintiff excepted. No evidence was offered that the defendants had ejected the plaintiff, as charged in the petition. The jury returned the following verdict: " We, the jury, find for the plaintiff five dollars and fifty cents, and leave the plaintiff in possession of the land, as we found him." The court ordered the last clause of the verdict, relating to the possession, to be stricken out, to which the plaintiff excepted. The plaintiff then offered to prove that the guardian of the defendants was in possession of that portion of the land allotted by the commissioners in partition to the plaintiff's wife, and was receiving rents as such guardian. The court refused to admit this evidence, to which the plaintiff excepted. The plaintiff had judgment for the amount named in the verdict, and the costs of the suit were adjudged against him.

*J. A. Beal*, for appellant. 1. The plaintiff had an equitable claim to compensation for his improvements on the lot of land set apart to the defendants, and the court erred in instructing the jury to disregard that portion of his petition. There can be no doubt that, if the plaintiff had gone originally into equity and asked for partition, the court would have decreed

compensation for his improvements. (1 Story's Eq. §654 to 659. 8 Price's Rep. 518. 1 P. Williams, 446. 3 Paige's Rep. 546, 556. 1 Hoff. Ch. Rep. 21. 1 Green's Ch. Rep. 341. 2 A. K. Marsh. 581. 3 Bibb, 306. 6 Dana, 276.) The question is, whether, after partition has been made, the plaintiff can recover for the improvements in a new suit, or whether he is concluded by the partition suit. The case of *Louvell* v. *Menard*, 1 Gilman, 39, is precisely to this point. There, there had been a partition under the Illinois statute, which is similar to ours. The plaintiff afterwards brought a bill in equity for the value of improvements made by his ancestor and the court decreed compensation. A partition under the statute settles nothing but the boundaries of the land. The equitable rights of the parties growing out of the improvements, &c., cannot be considered, and of course are not affected. The parties cannot be concluded by a partition suit as to matters which could not be considered in it. 2. The issue as to the right of possession of that portion of the land allotted to plaintiff, was not decided by the jury. The court erred in striking out their finding on that point. A new finding should have been directed. 5 Mo. Rep. 51. 3. The court erred in adjudging the costs against the plaintiff, under the circumstances. 4. There was error in excluding the evidence relating to the possession of the defendants' guardian. His possession was the constructive possession of his wards.

*C. C. Whittelsey* and *P. Pipkin*, for respondents. 1. The claim for improvements must be considered as waived, not having been presented in the partition suit. The statute requires the commissioners, in making partition, to take *quantity* and *quality* into consideration. In this case, the commissioners divided the land, and made their report, to which the plaintiff took no exceptions. It must, therefore, be considered as *res adjudicata* that the land was properly divided, with reference not only to the quality of the soil, but the quality of the improvements, and the party having failed to set up any claim at that time, has acquiesced in the correctness of the partition. R. C. 1845,

p. 769, sec. 21. 2. The plaintiff could not claim for the board of the defendants, as that was a liability imposed upon their mother, who was living. R. C. 547, sec. 1. The defendants were certainly not *jointly* liable. 3. The court properly adjudged the costs. Acts of 1847, p. 15.

Scott, Judge, delivered the opinion of the court.

1. The main point in this case is, whether the plaintiff is entitled, under the circumstances, to maintain an action to recover the value of improvements made by him upon the land before there was a partition made among the co-tenants. The proceeding for a partition of the land, it seems, was instituted by himself. The statutory mode of partition, found in our revised laws, has never been supposed to divest courts of chancery of their jurisdiction in suits for partition. Though law and equity are now blended, yet the cases in which chancery formerly had jurisdiction are still cognizable in our courts, according to the mode of procedure now in use. As the plaintiff instituted the suit for partition, now that it has been made and acquiesced in, it is not easy to see the ground on which he seeks to recover compensation for improvements made by him before partition was made among the co-tenants. The delay in asserting the claim is at least some argument against its justice. But we look upon this proceeding as designed to reform the partition that has been already made pursuant to law. If the plaintiff had any claim growing out of improvements made by him on the joint estate, it should have been asserted in the partition suit. If the partition was unequal or unjust, it should have been corrected when the commissioners made their report. The portion of the land improved by the plaintiff, should have been assigned to him, if practicable and consistent with the rights of the other parties. If this could not be done, compensation might have been made in some other way. The case of *Louvell et al.* v. *Menard*, 1 Gilman, 39, is not in point, for the plaintiff. There the claim for improve-

ments was interposed before the money arising from the sale of the land, which was sought to be divided, was distributed among the co-tenants. That was the proper time. So the time here should have been before the report of the commissioners was confirmed. The plaintiff having instituted the suit for partition—having made no claim for improvements—having made no objections to the report of the commissioners, cannot now assert a right, which, if it ever had any existence, must be considered as barred by law.

2. There was no error in the court in refusing to suffer evidence to go to the jury showing that Pipkin, the guardian of the defendants, had taken possession of the land claimed by the plaintiff. It appears from the record, that this evidence was offered after the verdict. Surely it could not then be received. But the evidence was improper, whenever offered, for the defendants could not be made liable for the unauthorized act of their guardian. If he ejected the plaintiff, the suit should have been brought against him. Indeed, the verdict of the jury found, substantially, that the plaintiff had not been disturbed in his possession. It was an informal one, it is true, but it should have been amended by the jury before it was recorded. We do not see how the plaintiff was prejudiced by striking out the portion of the verdict relating to the possession of the land still being in the plaintiff. He had given no evidence in relation to his ejectment, on the trial, and the court very properly rejected that offered after the verdict. The record may be defective, but the plaintiff surely has sustained no injury by reason of its imperfection.

The instructions of the court put the matter of the board, alleged to have been furnished to the defendants by the plaintiff, in a proper view before the jury, according to the evidence. We see no reason, whatever, for suing the defendants jointly for their board.

Judge Ryland concurring, the judgment will be affirmed; Judge Gamble not sitting.