Gravier et als. v. Ivory et als.

———<•••>———

LOUIS GRAVIER *et als.*, Plaintiffs in Error, *v.* JOHN C. IVORY *et als.*, Defendants in Error.

*Partition—Pleading.*—A petition for partition which shows that the defendant is in the adverse possession of the premises sought to be divided, is defective on demurrer.

### Error to St. Louis Circuit Court.

*Wm. T. Wood*, for plaintiffs in error.

*Glover & Shepley*, for defendants in error.

Plaintiffs filed their petition in the St. Louis Circuit Court, in which they alleged that their father, Michael Chartrand, died seized of five-twelfths of a tract of land in Carondelet ; that as such heirs plaintiffs had each an interest of one-sixth of five-twelfths of said tract, and make the other heirs of their father parties, and other defendants, who, they allege, own the other seven-twelfths of the tract. They allege that, in 1852, defendant Ivory, owning an interest in said tract, commenced a proceeding for partition thereof against the other parties, plaintiff and defendant, in this petition, and in September, 1852, a decree of partition was made, and a sale ordered of said premises ; that on the same day that the judgment was rendered, the sheriff of St. Louis county, pretending to act under a judgment in the case of the 26th June, 1852, sold said tract of fifteen arpens, and defendant Ivory became the purchaser, and the

sheriff made, acknowledged, and delivered, to said Ivory a deed therefor, and Ivory now claims to own the same absolutely; that said sale and proceedings were void; that at the time of institution of proceedings in said suit plaintiffs were minors; that there had been no process or notice served on them or their guardians, nor did they have any knowledge thereof; that the land sold greatly below its value; that they have at all times asserted their claim to said land.

The petition prayed that the proceedings in former suit be set aside, and sale and conveyance to Ivory be adjudged to be null and void, and prayed that commissioners be appointed and partition made of said premises according to the rights of parties interested therein. To this the defendant Ivory filed a demurrer, which was sustained.

BATES, Judge, delivered the opinion of the court.

The allegations of the petition as to the suit for partition and judgment therein and sale are vague and uncertain; but, upon the most favorable consideration of them, they do not show that the plaintiffs were injured by them, (and the petition itself alleges that they were void,) and, therefore, they furnish no ground for relief. But if they be rejected as surplusage, there still remains a sufficient petition for partition upon which judgment could be given. The court, therefore, erred in sustaining the demurrer to the petition. The petition does not show, as is stated in the demurrer, that Ivory is in possession of the land. If it had so shown, the demurrer would have been properly sustained.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.