WELLINGTON REED and WIFE, Defendants in Error, *v.* FREDERICK ROBERTSON *et al.*, Plaintiffs in Error.

1. *Equity — Proceedings in partition.*—A proceeding in chancery may be had for the partition of an equitable estate. (Welch v. Anderson, 28 Mo. 293; Reinhardt v. Wendeck, 40 Mo. 577.)

2. *Practice, civil — Supreme Court — Objection made for first time comes too late.*—An objection to the sufficiency of a petition, made in the Supreme Court for the first time, comes too late.

3. *Equity — Partition of equitable estate — What averments sufficient.*— In a suit for the partition of equitable interests in real property, an averment of the petition that each party held an undivided half of the equitable estate, is sufficient, without any allegation that they held jointly or as tenants in common.

4. *Equity — Legal estate and possession in defendant as trustee of plaintiff — Ejectment, improper — Suit should be brought in equity.*— When the legal title and the right of possession of a portion of certain land were in defendant, as the trustee of plaintiff, and nothing showed any actual ouster or disseizin by defendant, plaintiff could not sue in ejectment, but should resort to a suit in equity for partition, subject to the terms of the deed of trust.

· *Appeal from St. Louis Circuit Court.*

*Gantt*, for plaintiffs in error.

I. No case is made for partition. ·This was an adversary proceeding in which the title was in· question, and in order to determine the question of title the court tried a suit in chancery, not, however, between the parties concerned, but with a palpable defect of parties.

II. · The eldest daughter of Mrs. Elizabeth Robertson was a necessary party; this was disclosed by the answer and by all the evidence.

III. The court admitted evidence that was wholly incompetent. The letter of Robertson, and the re-examination of Mrs. Reed and the examination of Mr. Reed, were all directed to the contradiction of Robertson on a collateral matter.

IV. If this be considered a proceeding in partition, there is no allegation that the parties hold the land together, in common or jointly; only that the plaintiff is " entitled to half the premises." This may be, and yet no case be made for a decree of partition. A person rightfully claiming an interest in land held

and claimed by others must obtain seizin and possession before he can ask for partition. (Lambert v. Blumenthal, 26 Mo. 47; Forder v. Davis, 38 Mo. 107; Shaw v. Gregoire, 41 Mo. 407.)

*Whittelsey*, for defendants in error.

There was no evidence of any actual disseizin or ouster by the defendant of the plaintiff. The legal title was in Farley, trustee; and the possession was in him, as a matter of law. He held it for the several benefits of the parties, and the tenants were his tenants. The plaintiff could not sue in ejectment, for she had not the legal title nor the right to the possession. She had, therefore, simply her equitable remedy for a partition, subject to the terms of the trust.

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs filed their petition in the nature of a bill in equity for the partition of an equitable estate in certain premises therein described. It is alleged in the petition that the defendant, Frederick Robertson, on the 14th day of December, 1855, conveyed said premises to the defendant, Ed. B. Farley, for the sole and exclusive use of the plaintiff, Mrs. Isabella Reed, then Isabella Robertson, and of the defendant, Mrs. Elizabeth Robertson, the wife of the grantor in the deed; the said Isabella being his daughter by a former wife. It is also alleged that Mrs. Reed was, at the time the deed was made, a minor; that she has since come of age and intermarried with Wellington Reed, her present husband, who is joined in the action; that she is entitled to an equitable estate in said premises of one undivided half, and that Mrs. Robertson is entitled to the other half, the defendant, Farley, holding the legal title.

Farley answered, admitting the trust, but disclaiming any interest in the property, and asked to be protected against costs. The other defendants answered, admitting the execution of the deed conveying the property to Farley in trust, but denied that Mrs. Reed was a party thereto; and allege that the "Isabella" mentioned therein as the child of Robertson, the grantor, is a "totally different person from the Isabella Reed mentioned in the

plaintiff's petition." It is alleged further that the Isabella mentioned in the deed as one of the beneficiaries therein is the daughter of the defendant, Robertson, by his present wife, one of the defendants in this suit. It is denied that Mrs. Reed holds the premises sought to be divided, in common with any of the defendants. The plaintiffs replied, putting in issue the new matter set up in the answer. Judgment of partition was rendered in the court below, in accordance with the prayer of the petition, from which the defendants appealed to general term, and thence bring the cause here by writ of error.

The pleadings make but one issue of fact, namely: whether the plaintiff, Mrs. Reed, was named as one of the beneficiaries in Robertson's trust deed to Farley. The beneficiaries were therein described thus: "Elizabeth Robertson, my wife, and my child, Isabella." Mrs. Reed was then about eleven years of age, and was known and called by the name of Belle, or Isabella. At the same time she had a half-sister — her father's daughter by the present Mrs. Robertson — who was also called Isabella, as the testimony intimates, her full name being Isabella Chloe Elizabeth Robertson. Hence the supposed uncertainty as to the child mentioned in the deed of trust. At the time the deed was executed, the second Isabella was an infant of less than two years of age. Robertson, of course, knew which child he intended to make the recipient of this particular bounty. There is no accounting for his subsequent conduct as connected with this matter, except upon the theory that the deed was made for the benefit of his then wife and his daughter, the present Mrs. Reed. The court below found that she was intended as one of the beneficiaries, and we have no disposition to disturb that finding. We have carefully examined all the testimony, and are satisfied with the result; but we do not feel called upon to go into any detailed analysis and sifting of the evidence in order to sustain our view of its effect.

It is claimed, however, that the court admitted incompetent proofs; that a letter of Robertson's was read in evidence improperly; and that Mrs. Reed was improperly re-examined for the purpose of contradicting some of the former's statements. A

proper foundation had been laid for the impeachment of this witness, and we see no objection to the evidence employed for that purpose. His attention had been called to time and place, and it was competent to show that he had made statements out of court in conflict with his testimony on the stand. But it is said that this was an adversary proceeding, wherein the title to real estate was drawn in question; that the court, in order to determine a question of title, tried a suit in chancery. Assume the fact to be so, what of it? This is a chancery proceeding for the partition of an equitable estate. The statute authorizes it. (Wagn. Stat. 966, § 1; Welch v. Anderson, 28 Mo. 299–300, 462; 40 Mo. 577.) The court determined who was the beneficiary named in the trust deed, and did not otherwise determine any question of title. Apart from that, there was no issue or dispute.

Again, it is urged that the pleadings and evidence show a defect of parties; that Isabella Chloe Elizabeth Robertson ought to have been joined in the defense. It is true that she is alleged in the answer to have been the beneficiary named in the deed of trust; but that allegation is negatived by the proof and the finding of the court. The unsustained and disproved averments of an answer can not create a defect of parties. The answer alleged a good defense, but it broke down.

The defendants, moreover, make the point that the petition contains no averment that the parties to the suit held the land jointly, or as tenants in common. No objection was taken to the sufficiency of the petition in the court below, and the objection taken here for the first time comes too late. But it is without force. This is not a proceeding for the division of a legal estate. It is a suit for the partition of equitable interests in real property, and the averments of the petition are addressed to the equities of the case. The averment that each held an undivided half of the equitable estate is sufficient. The legal title and right of possession were in Farley, the trustee, and for that reason Mrs. Reed could not sue in ejectment. She therefore resorted to her suit in equity for a partition, subject to the terms of the deed of trust. It is not averred in the answer, nor

is it shown by the proofs, that there has been in fact any actual ouster or disseizin by the defendants. Lambert v. Blumenthal, 26 Mo. 471, and the cases which follow that decision, have therefore no application.

The judgment will be affirmed. The other judges concur.