SAMUEL SCANTLIN, *et al.*, V. CHARLES B. ALLISON.

1. TENANTS-IN-COMMON; *Partition; Rents; Ouster.* Where a piece of land is owned in common by five different persons, and S., a stranger to the title, purchases the entire estate from four of such owners, taking a deed from them purporting to convey the entire estate, and takes immediate possession of the entire estate, and takes all the rents and profits of the entire estate for several years, and twice mortgages the entire estate, and makes alterations and improvements upon the land, without consulting A., the other tenant-in-common, and without his consent, *held*, that such action by S. is an ouster of A., the other tenant-in-common.

2. RENTS AND PROFITS; *Measure of Recovery.* And *further held*, That such tenant-in-common, in an action against S. for partition, and to recover for rents and profits, may recover the value of one-fifth of the rents and profits, less a proportionate share of the value of necessary improvements made and taxes paid by S.

3. ACTION FOR RENTS, *Not Barred.* And where such tenant-in-common was a minor at the time when all the foregoing transactions were taking place, and as soon as he arrived at the age of maturity commenced said action for partition, and for rents and profits, *held*, under § 19 of the civil code, that his action for rents and profits was not barred by the statute of limitations.

4. ACTION FOR RENTS, *When Not Maintained.* Where S. owns four-fifths of certain real estate and A. owns the other one-fifth, and S. conveys his four-fifths of such real estate to E., and E. leases the same to her brothers, and does not claim to own more than four-fifths of the property, and does not receive rents or profits for more than four-fifths thereof, and does not prevent A. from occupying the property or receiving or enjoying his proportionate share of the rents and profits, *held*, that A. cannot maintain an action against E., or recover from her for rents and profits.

### *Error from Brown District Court.*

ACTION brought by *Allison* against *Scantlin* and two others for partition of certain real estate, and also for the rents and profits thereof. Trial at the September Term, 1883, and judgment for plaintiff. The defendants *Samuel Scantlin* and *Ellen V. Scantlin* bring the case to this court. The material facts are stated in the opinion.

*James Falloon*, for plaintiffs in error.

*C. W. Johnson*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Charles B. Allison against Samuel Scantlin, Ellen V. Scantlin, and Angeline Onstott, for partition of certain real estate situated in Brown county, and also for rents and profits for the use of such real estate.

It appears that in 1869 and prior thereto, the property in controversy belonged to George Allison; that by will he devised the same to his five children, in equal shares, the said Charles B. Allison being one of such children; that soon after the execution of such will the testator died, and the will was then duly probated. On March 26, 1870, all the said children except Charles united in executing a deed for the land to Samuel Scantlin, a purchaser of the land, and Scantlin, to secure a portion of the purchase-money, executed a mortgage for the land to James B. Allison and John M. Anderson, executors for the estate and guardians for Charles B. Allison, who was then a minor. Both the deed and the mortgage included the entire tract of land and every interest therein, but of course they could not transfer or affect the interest of Charles B. Allison. Scantlin immediately took possession of the land, claiming the entire interest in the same, and made necessary and proper improvements thereon, and enjoyed the entire rents and profits thereof up to November 18, 1878, when he executed a deed conveying conditionally the undivided four-fifths thereof to his daughter Ellen V. Scantlin. For a fuller statement of some of the facts of the case, see the case of *Scantlin v. Allison*, 12 Kas. 85, *et seq.* Also on April 14, 1873, Scantlin executed a mortgage for the entire property to Angeline Onstott.

After Scantlin conveyed the undivided four-fifths of the land to his daughter Ellen, she leased the same to her brothers, who have since occupied and cultivated the same. All this was done without any arrangement being made between Charles B. Allison and any of the Scantlins, and without any consent or dissent on the part of Charles B. Allison. On May 26, 1882, Charles B. Allison arrived at the age of 21 years, and

immediately thereafter commenced this action. The court below rendered judgment in favor of the plaintiff, Charles B. Allison, for the partition of the property, giving to him one-fifth thereof and to Ellen V. Scantlin the other four-fifths. No objection is made to the judgment for partition. But the court also rendered judgment in favor of Allison and against Samuel Scantlin for the rents and profits of the undivided one-fifth of the property up to November 18, 1878, less one-fifth of the value of the necessary improvements made on the property by Scantlin, and less a proportionate share of the taxes paid by Scantlin for the years 1870 to 1874; and also rendered judgment in favor of Allison and against Ellen V. Scantlin for the rents and profits of the undivided one-fifth of the land after November 18, 1878, less one-fifth of the value of the necessary improvements put on the land by her; and to these judgments for rents and profits objection is made. Judgment was also rendered in favor of Angeline Onstott, foreclosing her mortgage as against the four-fifths of the property awarded to Ellen V. Scantlin; and to this judgment no objection is made. The defendants Samuel Scantlin and Ellen V. Scantlin now file a petition in error in this court, asking for a reversal of the judgment of the court below, so far as it gives to Charles B. Allison the aforesaid rents and profits; and Charles B. Allison has filed a cross-petition in error in this court.

We do not think that the court below has erred in any of its rulings, except in rendering judgment in favor of Allison and against Ellen V. Scantlin for rents and profits. We think the judgment in favor of Allison and against Samuel Scantlin for rents and profits is correct. The action of Scantlin in purchasing the entire estate, in taking a deed of conveyance to himself for the entire estate, in taking immediate possession of the entire estate, in taking all the rents and profits of the entire estate for several years, in twice mortgaging the entire estate, and in making alterations and improvements on the land without consulting Allison and without his consent, was certainly an ouster of Allison of his one-fifth interest in the property, and such an ouster that although Allison may

perhaps, as counsel for the Scantlins claims, not have any right to claim for rents and profits under § 22 of the landlord-and-tenant act, (Comp. Laws of 1879, ch. 55, § 22,) yet still he may claim for such rents and profits upon general principles of law. And we would think that he might also claim under § 20 of the landlord-and-tenant act; for if he has been actually ousted by his co-tenant, then he may recover for rents and profits against his co-tenant, in the same manner as though the parties were strangers to each other; and he should recover what would be right under the circumstances. One tenant-in-common may maintain ejectment against another tenant-in-common, (Tyler on Ejectment, 199, *et seq.*, 476, *et seq.*,) and a cause of action for rents and profits may be united with one in ejectment, (Civil Code, § 83,) and both actions may be united with one for partition. (*Scarborough v. Smith*, 18 Kas. 399.) It must also be remembered that this is an action for partition; and in such actions courts may generally do equity and justice between the parties; and as Scantlin, without the consent of Allison, occupied the premises for several years, receiving and enjoying all the rents and profits without accounting to Allison for any portion thereof, we think it is now just and equitable that Allison should recover his proportionate share of the same, after deducting a proportionate share of the value of the necessary and proper improvements made by Scantlin upon the premises, and after adjusting the taxes paid by the parties. (Freeman on Co-Tenancy and Partition, ch. 25; Civil Code, § 629.) We think it is eminently proper for the court, in giving compensation to one tenant-in-common for rents and profits received by another tenant-in-common, to deduct a proportionate amount for any necessary and proper improvements made by the cotenant in possession, and the same with respect to any taxes paid by such co-tenant over his proportionate share. (See authorities above cited, also Freeman on Co-Tenancy and Partition, §§ 261, 262, 279, 509, 510, 512.) Of course a judgment against Samuel Scantlin for rents and profits received

by him should not be made a lien on land since transferred and now belonging to Ellen V. Scantlin.

It is also claimed by the plaintiff in error that the claim of Allison is barred by the statute of limitations. Now this cannot be true, for Allison commenced this action immediately after he arrived at the age of maturity. (Civil Code, § 19.)

We think the judgment rendered against Ellen V. Scantlin is erroneous, for it does not appear that she ever claimed to own more than four-fifths of the estate, or that she ever received more than four-fifths of the rents and profits. The deed executed to her by her father, Samuel Scantlin, was for only four-fifths of the property; she leased only four-fifths thereof to her brothers; and she never cultivated any portion of the property herself; and from anything appearing in the case, never received anything due to Allison, but on the contrary, always recognized Allison's right to one-fifth of the property, and never prevented him from occupying that one-fifth jointly with herself, or from receiving the rents and profits of that one-fifth. Hence we think the judgment of the court below against her for rents and profits is erroneous. (With reference to one tenant-in-common suing another for rents and profits where no tort or ouster has been committed, see Freeman on Co-Tenancy and Partition, ch. 13, and the numerous cases there cited.)

The judgment of the court below to this extent will be reversed. In all other respects it will be affirmed. The costs of this court will be equally divided between Samuel Scantlin and the defendant in error.

All the Justices concurring.