Holloway v. Holloway.

---

HOLLOWAY *et al.* v. HOLLOWAY, *Appellant.*

1. **Practice: PARTITION: SALE: APPEAL.** In a partition suit, the order of sale is not a final judgment from which an appeal will lie.

2. **Partition: RENTS AND PROFITS ENJOYED BY ONE CO-TENANT TO THE EXCLUSION OF OTHER: INCUMBRANCE.** Where, in partition, one co-tenant is in receipt of all the rents and profits, and in the exclusive use and enjoyment of the whole premises, refusing to let his co-tenant in, and the ousted co-tenant has paid money to relieve the common property of incumbrances, in whole or in part, the court will declare a charge in favor of such ousted co-tenant for the amount of his share of such rents and profits, and for the amount the ousting co-tenant should have contributed in discharge or reduction of the incumbrance, on the share of the latter to be paid out of the proceeds of the sale of the property in partition, before division is made according to their respective rights and interests in the premises.

3. ———— : ———— : ———— : PLEADING : PRACTICE. Where the allegations of the petition are equivalent to an averment that the annual rents and profits are a thousand dollars and that the co-tenant defendant is in the exclusive reception of such rents and profits and refuses to allow plaintiff any part thereof, it is not so definite and certain as it might have been that defendant had excluded plaintiff from the joint occupancy of the land; but if defendant desired to take advantage of it for such uncertainty, he should have done so by a timely motion to make the petition more definite and certain instead of aiding the defective statement by answer.

4. ———— : ———— : ———— : APPEAL. The court, being authorized by the pleadings and evidence, could find the value of the rents and profits received by defendant as co-tenant in possession and charge them upon his share of the proceeds of the sale of the premises, from the time of ouster to the day of sale, but could not declare plaintiff's part of the rent for a certain year a lien on the crops for that year, and order that special execution issue therefor; such order is void and could not have the effect of converting an otherwise interlocutory order of sale into a final judgment from which an appeal would lie.

5. ———— : ADVERSE TITLE : EJECTMENT. Adverse claims of parties to the same undivided interest in real estate may be tried in a partition suit. It is only when defendant is in adverse possession of the whole premises claiming title adversely to one who claims to be his co-tenant, that the latter can be driven to his action of ejectment; but apart from adverse possession alone, without show of any title to plaintiff's undivided interest therein, and without any evidence casting a doubt upon the plaintiff's title, the latter cannot be compelled to resort to ejectment.

6. ———— : JURISDICTION. Where, in a partition suit by a co-tenant not in possession against his co-tenant in possession, the answer alleges that the title claimed by the plaintiff is in a third person which on its face is an equitable one, to establish which it might be necessary to invoke the powers of a court of equity, the court has jurisdiction.

7. ———— : ————. When the legal title to premises sought to be partitioned is in trustees who are defendants, and the equitable title of one of the plaintiffs is the one in issue, the suit may be tried in partition, where the defendant in interest is in adverse possession.

8. **Practice** : TRIAL : ABSENCE OF COUNSEL. That a cause came on for trial and was heard in its regular order, under the rules of the court in which it was at issue, at a time when counsel, owing to a different rule in an adjoining circuit, did not expect it to come on, in consequence of which they were not present at the trial, will afford no ground for a new trial, in the absence of misrepresentations or bad faith on the part of counsel on the other side.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

APPEAL DISMISSED.

*R. H. Field* and *J. H. Kyle* for appellant.

(1) The order of sale and partition herein shows error on its face, in view of the fact found in the decree " that said John Holloway has held possession of said real estate since March 1, 1885, and has refused to allow said plaintiffs or T. P. Holloway to enter and hold or enjoy the same, or any portion thereof, and still holds the same * * * although demand has been made to jointly occupy the same with him." *Gravier v. Ivory*, 34 Mo. 522 ; *Lambert v. Luenthall*, 26 Mo. 473 ; *Shaw v. Gregoire*, 41 Mo. 407. (2) A tenant in common is not liable to his co-tenants for rent unless he actually excludes them from joint occupancy or use of the property. *Regan v. McCoy*, 29 Mo. 356. The absence of an allegation in the petition, that plaintiffs were so excluded by appellant, is fatal to the judgment for rent rendered against him by the court below, and this defect is not supplied by the proof offered at the trial as found by the court. This conclusion follows as a necessary corollary to the proposition of law maintained in the case of *Ragan v. McCoy*, just cited, for to hold otherwise is to release plaintiffs from the simple rule of requiring the statement of sufficient facts to constitute a cause of action that exists and applies to all cases. Such defects can be raised for the first time in the appellate court.

*Weil v. Green County*, 69 Mo. 281. (3) The amount of the judgment rendered for rent against appellant is manifestly excessive—it is for $925 and for the years 1885, 1886 and 1887, when in the petition only the half of $1,000 ($500) and rent for the year 1885 is claimed. This suit was begun October 13, 1885. None of the rent allowed by the judgment as appears upon the face thereof had accrued until March following. Besides, there was no claim in the petition for rent that might accrue after the filing of the suit. The judgment cannot stand. R. S. sec. 3511; *Moore v. Dixon*, 50 Mo. 424. (4) It appears from the face of the findings and decree that Mrs. S. A. G. Holloway's estate in the real property in question was a general and not a separate one. Such being the case the finding and judgment for rent should have been in the name and in favor of her husband and co-plaintiff, George W. Holloway, and being on its face solely in her favor it must fall under the rule that the husband only is entitled to recover the rents, issues and profits from such an estate of the wife in lands. 1 Kent's Com. * 130, * 131; *Dyer v. Wittler*, 89 Mo. 93. The wife is neither a necessary nor even a proper party to such a recovery. *Cooper v. Ord*, 60 Mo. 430; *Wilson v. Garaghty*, 70 Mo. 517; *Kannaga v. Railroad*, 76 Mo. 208; *Bledsoe v. Simms*, 53 Mo. 305; *Gideon v. Hughes*, 21 Mo. App. 528. (5) The appeal granted in this cause was not premature and was properly allowed by the circuit court. This case is not governed by section 3391 of the statutes and decisions thereon. That section expressly limits its operation to suits in partition brought under that chapter (chap. 56.) That chapter nowhere authorizes the hitching onto the partition suit therein authorized a call for an accounting for rents, taxes paid and other disbursements, and a recovery of money therefor, as herein sought. There is a judgment for rent herein, with an order for an execution to issue, and this is as final as it could be made by the circuit

court. This judgment for rent alone is enough to sustain the appeal granted. *The State ex rel. v. Sedden,* 93 Mo. 522, 523.

*Railey & Burney* for respondents.

(1) There is nothing in the statute concerning partition which in any way curtails the jurisdiction of a court of equity. *Real Estate Sav. Inst. v. Collonious,* 63 Mo. 295; *Spitts v. Wells,* 18 Mo. 471. (2) Defendant was in possession and wholly insolvent. Ejectment could only have been maintained by the husband, as the title of S. A. G. Holloway was simply a legal title. The interests of the encumbrancers could not have been protected in such an action. The interest and taxes paid by Mrs. Holloway—and for the payment of which defendant was equally liable—could not be taken into account in the ejectment suit. What then would be gained by ejectment proceedings? The wife could only have her equities adjusted and rights protected by joining her husband in an equitable partition. It being necessary for a court of chancery to exercise jurisdiction for one purpose, to avoid a multiplicity of suits, and avoid useless litigation, it acquired jurisdiction of the subject matter, and of all the parties interested therein; it therefore had, and did exercise the right to do complete justice between the parties. *Real Estate Sav. Inst. v. Collonious,* 63 Mo. 295; Freeman on Cotenancy and Partition, (2 Ed.) sec. 512; *Dameron v. Jameson,* 71 Mo. 97. (3) "It was a rule at common law, known as 'express aider,' that any omission to state a material fact, either in declaration or plea, would be obviated if the pleading of the opposite party put the matter in issue." *Hughes v. Carson,* 90 Mo. 402, 403; *Garth v. Caldwell,* 72 Mo. 630; Bliss on Code Plead. (2 Ed.) sec. 437; *United States v. Morris,* 10 Wheat. 246; *Slack v. Lyon,* 6 Pick. 62; *Whittemore v. Ware,* 101 Mass. 352; *Warner*

*v. Lockerby*, 28 Minn. 28; *Irwin v. Shaffer*, 9 Ohio St. 43. The omission of plaintiffs to allege in direct terms in their petition that they were excluded by appellant from the possession of the land was therefore cured by defendant's averment that he was in possession of the land. (4) The judgment for rents is not excessive. (5) The circuit court had the undoubted power to declare a lien on the crop raised by defendant from March, 1886, to March, 1887, in favor of plaintiffs, for one-half of said rent. Such power inherently belongs to a court of chancery, in order that complete justice may be done in the premises. (6) It is contended by appellant that it appears upon the face of the proceedings, that the real estate in controversy is Mrs. Holloway's legal estate, and that, therefore, the husband alone could sue for the rent. The authorities cited have no application to the case at bar, as will appear upon the most casual examination of same; and even if they apply, as the matters complained of appear upon the face of the petition, advantage could only have been taken thereof by defendant on a demurrer to the petition. *Walker v. Deaver*, 79 Mo. 672, cas. cit. (7) No appeal lay in this case. *Murray v. Yates*, 73 Mo. 13; *Turpin v. Turpin*, 88 Mo. 339, 340. But, as all the propositions involved in the case have been discussed as though the case stood here regularly upon appeal, and in order to avoid the necessity of having the case brought back for review, and thereby cause further delay, the court is asked, in accordance with its ruling heretofore, to pass upon all the questions involved herein. *Turpin v. Turpin*, *supra*.

BRACE, J.—This is an action for partition and sale of real estate. The amended petition on which this case was tried is substantially as follows: That plaintiffs are husband and wife; that on the ninth day of October, 1883, said plaintiff George C. Holloway, husband,

was the owner of the real estate sought to be divided; that on that day he executed a deed of trust on all of said lands except twenty acres to the defendant Ingram to secure a note of four thousand dollars and interest, due from said Holloway to the defendant, the Missouri Trust Company; that afterwards on the first of November, 1883, the said George W. Holloway conveyed an undivided half interest in all the land sought to be divided to the defendant John M. Holloway subject to said deed of trust on all of it except the said twenty acres; that afterwards, on the second of April, 1884, the said John M. Holloway executed a deed of trust on his undivided half interest in said land to defendant, Henry Cordell, to secure the payment of his note for $2,384, payable to George W. Holloway with interest; that afterwards said note was assigned by the said George W. to the said defendant, T. P. Holloway, who is the present owner thereof; that afterwards, on the seventh of April, 1884, the said George W. and wife, subject to said deed of trust held by the said trust company, conveyed his remaining undivided half interest in said lands to the said John M.; that on the same day, the said John M. executed a deed of trust on said lands to the said Cordell to secure the payment to the said George W. of a note executed by the said John M. to the said George W. for $3,200, and interest; that afterwards, on the eighth day of April, 1884, the said George W., for value, assigned and delivered said note and deed of trust to the plaintiff, S. A. G. Holloway, his wife; that afterwards, on the first day of January, 1885, the said John M. and wife, in payment and discharge of said note and deed of trust by warranty deed, conveyed an undivided half interest in said real estate to the plaintiff, S. A. G. Holloway, that no part of the money due the said defendant, T. P. Holloway, has ever been paid; that by reason of the premises, the said S. A. G. Holloway is the owner in fee as her ordinary legal estate, of the one

undivided half interest of said real estate, subject to the deed of trust held by said trust company, and the said John M. Holloway is the owner of the remaining undivided half interest subject to said deed of trust, and also subject to the deed of trust held by the said T. P. Holloway on his undivided interest ; that the interest on the note secured by the deed of trust held by the trust company, due for April and October, 1885, amounting to two hundred and forty dollars, has been paid by the said S. A. G. Holloway, and that, on the first of April, 1886, she also paid one hundred and twenty dollars interest on said note, and taxes on said real estate amounting to one hundred and forty nine dollars ; that the rental value for said real estate for the year 1885 was one thousand dollars, the whole of which said John M. Holloway collected, realized and retained and refused to allow plaintiffs any part thereof ; that said defendant is insolvent ; that, by reason of the interests, incumbrances, etc., said real estate cannot be divided in kind. " Wherefore plaintiffs pray the court to render a decree for the sale of the whole of the real estate aforesaid ; that the proceeds thereof be divided among the parties according to their interests therein ; that the notes and mortgages due the Missouri Trust Company be first paid off in full, or the land sold subject to the same, as may to the court seem to be to the best advantage of all concerned ; that one-half of the balance be paid to said S. A. G. Holloway, together with whatever may be due her from said John M. Holloway. for interest and rents as aforesaid ; that the notes and mortgages due to T. P. Holloway be paid out of the interest of John M. Holloway as aforesaid, and that the said last-mentioned notes be paid, as well as the amount due to S. A. G. Holloway on account of the rents and interest aforesaid, the balance to be paid to said John M. Holloway, and for such other and further relief as to the court may seem right and proper."

To this petition, the defendant John M. Holloway, on the sixteenth of March, 1886, answered as follows : " Now comes John M. Holloway, and for his separate answer to the petition of plaintiffs, denies each and every allegation contained therein save what is hereinafter expressly admitted, wherefore he asks judgment. And for a second and further defense to this action, this defendant states that he is in the actual and exclusive possession of the whole of said real estate, and was at and has been ever since the institution of this case ; that so far as the said plaintiff, S. A. G. Holloway, is concerned, she has no possession of right, title, interest or estate in said land ; that at the time of the alleged conveyance to S. A. G. Holloway, her co-plaintiff herein was indebted to various persons, in the aggregate in excess of ten thousand dollars, being as much as or in excess of the value of said George W. Holloway's property, real and personal, and for that reason and consideration and no other than the return to this defendant of his note by said George W. Holloway, and for no consideration whatever from the said S. A. G. Holloway, said conveyance was made in her name and delivered to the said George W. Holloway, but not to her, to hinder, delay, defraud and deceive his creditors, by thus covering up his property ; that one J. H. Arnold, one of such creditors, obtained judgment against said George W. Holloway and defendant for the sum of —— dollars, at Kansas City, in the circuit court of Jackson county, state' of Missouri, at the April term of said court, in 1885 ; that afterwards, at the instance of said Arnold, an execution was duly issued on said judgment to the sheriff of Cass county, Missouri, and at the last November term of the circuit court of said county of Cass, state of Missouri, all the right, title, interest and estate of the said George W. Holloway in the real estate in controversy was duly sold and conveyed by said sheriff to one James M. Holloway, who is not a

party to this action; and the said James M. Holloway and this defendant are the sole owners of said real estate, and neither of plaintiffs have now any right or estate therein."

The other defendants did not answer. The plaintiff replied to the answer of John M. Holloway denying all its allegations. On the twentieth day of July, 1886, the case coming on for trial, the court found the issues for the plaintiff, made a finding of the facts substantially as set out in the petition, and that said J. M. Holloway is justly indebted to the said S. A. G. Holloway in the sum of $254.50, being one-half of the sum paid by her for interest and taxes as stated in the petition; "that the rental value of the real estate mentioned in plaintiff's petition for year commencing March 1, 1885, and ending March 1, 1886, was $1,005; that the rental value of said real estate from March 1, 1886, to March 1, 1887, is $825; that said John M. Holloway has held possession of said real estate since March 1, 1885, and has refused to allow said plaintiffs or T. P. Holloway to enter and hold or enjoy the same or any portion thereof, and still holds the same and is receiving all profits of same, although demand has been made to jointly occupy same with him, after he had conveyed to said S. A. G. Holloway the undivided one-half thereof by warranty deed; that said John M. Holloway is justly indebted to said S. A. G. Holloway in the sum of $915 for one-half of the rent due for said two years; that said John M. Holloway is justly indebted to said S. A. G. Holloway on account of interest, taxes and rents as aforesaid in the sum of $1,169.50; that of said last sum there is due from said John M. Holloway to said S. A. G. Holloway for rent of 1886, and up to March, 1887, the sum of $412.50; that said John M. Holloway is insolvent; that said George W. Holloway, at the commencement of this suit, had no interest in any of the real estate herein mentioned, nor has he since had any

interest, except his marital interest as husband of S. A. G. Holloway; that said S. A. G. Holloway is the owner in fee, as her ordinary legal estate, of the undivided one-half interest in all of the real estate heretofore mentioned; that said real estate, by reason of the respective rights of the parties hereto, cannot be partitioned in kind; that it is for the best interests of all concerned that all of said real estate except said twenty acres, should be sold, subject to the mortgage or deed of trust of said Missouri Trust Company."

The court then entered the following interlocutory decree or order: "It is therefore considered, adjudged and decreed by the court, that all the real estate heretofore mentioned herein be sold at public sale, one-third for cash, one-third due in one year and the remainder due in two years, with both deferred payments drawing interest at eight per cent. per annum, except the twenty acres heretofore described, and a deed made therefor, subject to the lien and deed of trust of said Missouri Trust Company, or the holder of said note and mortgage. It is further ordered, that out of the amount due said John M. Holloway on proceeds of the sale of his undivided half interest in said land, that there be first paid to said Thomas P. Holloway on his mortgage or deed of trust aforesaid, the sum of $2,384, with interest thereon from November 1, 1883, at the rate of $7\frac{1}{5}$ per cent. per annum; that out of the remainder of said John M. Holloway's interest in the proceeds arising from the sale of his half interest in the land aforesaid, that there be paid to said S. A. G. Holloway the sum of $1,169.50; that of said sum of $1,169.50, to-wit, $412.50 be and the same is hereby declared a special lien on all the crops raised on said premises for the year commencing March 1, 1886, and ending March 1, 1887, and that special execution issue therefor. It is further ordered that all costs and expenses be first paid before any other sums are paid."

It appears from the bill of exceptions that the case having been regularly reached and called for trial, the defendant John M. Holloway and his attorneys were absent ; that on the second day after the trial, the said defendant filed his motion for a new trial, which being overruled,.he filed his application and affidavit for an appeal, and appeal was allowed to this court, and his counsel insist that the case is properly here for review, on the ground that there is a final judgment for rent herein with an order for an execution to issue.   Appeals can only be taken from a final judgment either under the general practice act, or the statute regulating procedure in cases of partition.   R. S. 1879, secs. 3391, 3710.   In a partition suit the order of sale is not a final judgment from which an appeal will lie.   *Turpin v. Turpin*, 88 Mo. 337 ; *Murray v. Yates*, 73 Mo. 13.

"The statutory mode of partition, found in our revised laws, has never been supposed to divest courts of chancery of their jurisdiction.   Though law and equity are now blended, yet the cases in which chancery formerly had jurisdiction are cognizable in our courts, according to the *mode of procedure now in use.*"  *Spitts v. Wells*, 18 Mo. 468.   The circuit court is vested with all the jurisdiction and power that a court of chancery ever had in partition suits.   The mode of procedure in the exercise of that jurisdiction, as well as the mode to be pursued to obtain a review of its action by an appellate court, is, however, regulated by statute.   As incident to the exercise of its chancery jurisdiction to make partition of real estate, in order to do complete justice and avoid a multiplicity of suits, it will take an account of the mesne rents and profits in perception by one tenant in common to the exclusion of the other, and of money paid to remove an incumbrance on the common property by one of the tenants.   Freeman on Co-Ten. & Par., [ 2 Ed.] secs. 425, 512 ; Story on Eq. Jur., secs. 655, 466 ; *Obert v. Obert*, 2 Stockton, 98 ; *Scantlin v. Allison,* 32

Kan. 376 ; *Leach v. Beattie,* 33 Vt. 195 ; *Davidson v. Thompson,* 22 N. J. Eq. 83 ; *Hill v. Fulbrook,* Jac. Chy. 574 ; *Bowles v. Bowles,* 80 Ky. 529.

And where, as in this case, one co-tenant is in receipt of all the rents and profits, and in the exclusive use and enjoyment of the whole premises, refusing to let his co-tenant in, and such ousted co-tenant has paid money to relieve the common property of incumbrances in whole or in part, the court will declare a charge in favor of such ousted co-tenant for the amount of his share of such rents and profits, and for the amount such ousting co-tenant ought to have contributed in discharge or reduction of the incumbrance on the share of such tenant in the common property, to be paid out of the proceeds of the sale of the property in partition, before division thereof is made between the co-tenants according to their respective rights and interests in the premises. *Goodenow v. Ewer,* 16 Cal. 461 ; *Scantlin v. Allison, supra ; Bowles v. Bowles, supra;* Freeman on Co-Ten., sec. 512 ; Story on Eq. Jur. 655. "When a court of equity once acquires jurisdiction it will not relax its grasp upon the *res* until it shall have avoided a *multiplicity* of suits by doing full, adequate and complete justice." *Real Estate Savings Inst. v. Collonious,* 63 Mo. 290, and cases cited.

This suit was begun October 13, 1885. The petition alleges that the rental value of the premises for the year 1885 was one thousand dollars. The rent accruing for that year would have been earned on the first of March, 1886 ; the allegation is equivalent to an averment that the annual rents and profits of the premises is one thousand dollars, and the substance of the remainder of the averment is that the defendant John M. Holloway is in the exclusive reception of such rents and profits and refuses to allow plaintiff any part thereof. This allegation is not so certain and definite as it might have been, "that the defendant had excluded the plaintiffs from the joint

occupancy of the land," but if the defendant desired to take advantage of such uncertainty, he should have done so by a timely motion to make it more definite and certain, instead of aiding it by the express averment that "he (the defendant) is in the actual and exclusive possession of the premises, was at, and has been ever since the institution of this suit, and that the said S. A. G. Holloway has no possession, right, title, interest or estate in said land."

On the pleadings, the court was authorized to find (the evidence warranting it) the value of the rents and profits (13 Gratt. 653), and charge them upon defendant's share of the proceeds of the sale of the premises, from the time of his ouster of his co-tenant until the day of the sale. Within these limits, the defendant would have no right to complain of the interlocutory finding and order. As to so much of it as declares the sum of $412.50 a special lien on all the crops raised on said premises for the year commencing March 1, 1886, and ending March 1, 1887, and ordering that a special execution issue therefor, there is no judgment to support such an execution, and we know of no law authorizing the court to declare such a lien. That part of the order is a nullity, and cannot have the effect of converting an otherwise interlocutory order into a final judgment, from which an appeal would lie.

While the appeal in this case must be dismissed because prematurely taken, a brief notice of the remaining points urged by counsel against the proceedings herein may obviate the necessity of another review upon final judgment. It is urged that the order of sale and partition herein shows error on its face in view of the fact found in the decree, "that said John Holloway has held possession of said real estate since March 1, 1885, and has refused to allow said plaintiffs or T. P. Holloway to enter and hold or enjoy the same or any

portion thereof, and still holds the same,  *  *  *
although demand has been made to jointly occupy the
same with him." And we are cited to authorities, 34
Mo. 522; 26 Mo. 473; 41 Mo. 407, in which it is in effect
held, that where the defendant denies the tenancy in
common and alleges that he is holding the premises
adversely, and establishes this defense by evidence, *i. e.*,
by disclosing an adverse title, the trial of which necessi-
tates a resort to an action at law in ejectment, the effect
will be to put an end to the partition suit, or at least to
suspend further proceedings therein, until the plaintiff
establishes his title by an action of ejectment.

Now, while the answer does deny the tenancy in
common, the defendant does not claim to be holding the
premises adversely to the plaintiff, does not disclose
any title in himself to the whole premises, but does dis-
close a legal title by warranty deed from himself in the
plaintiff to an undivided half, and then attempts to show
that a third person has acquired a right or title by
which such legal title might be defeated and fails to
support by any evidence the averment that such third
person has any such right or title. If any evidence had
been introduced to support such right, the plaintiffs
would not thereby have been necessarily driven to their
action of ejectment. The statute makes provision for
trying in the action for partition the adverse claims of
parties to the same undivided interest in real estate.
R. S., sec. 3355. It is only when the defendant is in
adverse possession of the whole premises, claiming title
thereto, adversely to one who claims to be his co-tenant,
that such co-tenant can be driven to his action of eject-
ment, but apart from this adverse possession alone,
without show of any title to the plaintiffs' undivided
interest therein, and without any evidence casting a
doubt upon the plaintiffs' title thereto, could not
compel a resort to ejectment. *Howey v. Goings*, 13 Ill.
95; Sedgwick & Wait on Trial of Title to Land, 167;

*Hudson v. Putney,* 14 W. Va. 561 ; *Lucas v. King,* 2 Stockt. 277.   The tendency of more recent decisions is thus stated in Freeman on Co-Ten. & Par., sec. 450: "The limitations attending proceedings in partition are constantly weakening and the tendency to do full and complete justice to the parties in one action is becoming irresistible.   Wherever the question has recently arisen as a new question, the answer to which the courts were free to give without consulting decisions made at an early day when the common-law rules were more potent than at present, it has been resolved in favor of taking jurisdiction whenever the complainant shows himself seized of the requisite title, whether the lands sought to be partitioned are held adversely to him or not."

Independent of all this, the defendant in his answer discloses a fact, which would authorize the exercise of jurisdiction in this case, in that the right or title charged to be in some other person than the plaintiff is not on its face a legal title but an equitable one, to establish which it might be necessary to invoke the powers of a court of equity ; and his counsel furnish an additional argument, if any were needed, in favor of such jurisdiction in this case, in the attack they make upon the finding in favor of Mrs. Holloway for the amount of the rents and profits, contending that her estate in the premises being an ordinary legal one, that the husband alone is entitled to recover the rents and profits thereof, such being the rule in ejectment, as is contended under the authorities cited.   Conceding that such would be the rule in an action at law, it does not follow that in equity her right to rents and profits from her real estate, made her separate estate by statute, would not be protected and secured to her, the same as if it were her technical separate estate, and that they would not be so protected in an action at law would of itself afford good ground for the interposition of equitable jurisdiction.

And if yet an additional ground should be wanting for the exercise of equitable jurisdiction, this is a chancery proceeding for the partition of an equitable estate, the legal title to the premises is in the defendant trustees and the equitable title of one of the plaintiffs in the premises is the title attempted to be put in issue, and that may be tried in partition, when the defendant is in adverse possession. *Dameron v. Jameson*, 71 Mo. 97; *Reed v. Robertson*, 45 Mo. 580.

That the cause came on for trial and was heard in its regular order under the rules of the court in which it was at issue at a time when counsel, owing to a different rule in an adjoining circuit, did not expect it to come on, in consequence of which they were not present at the trial, in the absence of misrepresentations or bad faith on the part of counsel on the other side, would afford no ground for a new trial.

The appeal herein is dismissed, and the cause stricken from the docket. All concur except BARCLAY, J., not sitting.