ELLA GATES COFFMAN et al., Plaintiffs, JAMES C. GHIO, Respondent, v. JOHN J. GATES et al., Defendants, MARIE E. LAYTON et al., Appellants.

St. Louis Court of Appeals, October 19, 1909.

1. **PARTITION: Equity: Jurisdiction of Equity Courts not Ousted by Statutory Remedy.** A suit for partition which deals with equitable estates and interests is not a statutory suit, but is one in equity. The jurisdiction of courts of equity over suits of that nature has not been ousted by the statutory remedy in partition.

2. **PLEADING: Demurrer: "Speaking Demurrer" Improper.** Where one of the grounds of a demurrer to an answer instead of raising a question against the sufficiency of the answer alleges new matter *in pais*, such demurrer is a "speaking demurrer," and such new matter cannot be considered.

3. **APPELLATE PRACTICE: Previous Decision Law of the Case.** Where all the issues of law raised by a demurrer to an answer have been determined by the court on a former appeal, there is nothing for the court to consider.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*George E. Smith* for appellants Layton.

(1) The demurrer to the second amended and supplemental answer and crossbill of the defendant Ghio was well taken. He claimed the same thing in two capacities; as a trustee, and as a tenant in common. The two titles to the single cause of action are inconsistent and contradictory; the proof of one disproves the other. Yates v. Kimmel, 5 Mo. 87; Mertens v. Lowenberg, 69 Mo. 208. (2) The amended answer of Ghio is not a counterclaim under the code of civil procedure. A counterclaim, as its name indicates, must state a cause of action against the plaintiffs or some of them. This pleading attempts to set up an independent cause of action in favor of one defendant against four of his codefendants, a contest in which the plaintiffs and the other defendants have no interest whatever. Such procedure is not permitted by the code practice. 1 R. S. 1899, sec. 605; Pom. Rem. (1 Ed.), secs. 741, 752 and 734; Holtzbauer v. Heine, 37 Mo. 443; Jones v. Moore, 42 Mo. 418; Barnes v. McMullins, 78 Mo. 269; Joyce v. Growney, 154 Mo. 253. (3) The answer in question is not a crossbill within the rules of chancery practice. While a crossbill in equity may be filed against codefendants, the subject-matter must be germane to the relief sought by the original bill. It should not introduce new and distinct matters not embraced in the original bill, for they cannot be properly examined in that suit, but constitute the basis for an original independent suit. The fact that the

Coffman et al. v. Gates et al.

relief sought relates to the same land will not sustain a crossbill. Ayres v. Carver, 58 U. S. (17 How.) 591, 15 L. Ed. 179; Slater v. Cobb, 153 Mass. 22; Gage v. Mayer, 117 Ill. 632; Lund v. Bank, 96 Ill. 181; 2 Daniel Ch. Pl. & Pr. (6 Ed.), p. 1527; Story Eq. Pl. (10 Ed.), sec. 389; Mathiason v. St. Louis, 156 Mo. 196; Joyce v. Growney, 154 Mo. 253. Our decisions also furnish examples of counterclaims which, under the chancery practice, would have required crossbills. Trust Co. v. Nathan, 175 Mo. 32; Bobb v. Wolff, 54 Mo. App. 515. (4) Suits in partition are no exception to the rules prescribed by the foregoing authorities. Grant, as has been said, that our circuit courts, under the statute, are vested with all the jurisdiction and power that a court of chancery ever had, still, that general statement must be interpreted by the established rules of chancery practice. For that reason, the foregoing cases showing what claims may be, and may not be, set up in a crossbill, are directly in point. Moreover, our courts in the exercise of that jurisdiction must be governed by our statute. Spitts v. Wells, 18 Mo. 471; Holloway v. Holloway, 97 Mo. 639; 1 R. S. 1899, sec. 4379. (5) An analysis of the Missouri cases in partition will show many broad *dicta*, but no decision sustaining a claim like the one set up in this answer. It is conceded that advancements, rents, taxes, mortgages, purchase money, improvements, and other like claims, arising out of the joint title, may be adjusted between tenants in common in partition, but giving heed to the point on which the cases turn, there is no case in this State, or in any other that I can find, that has gone the length of permitting a trustee defendant to state his account and set up his claim for a balance against other defendants, upon a counterclaim or crossbill. Holloway v. Holloway, 97 Mo. 628; Green v. Walker, 99 Mo. 68; Green v. Thurston, 130 Mo. 339; Thompson v. Warren, 117 Mo. 118; Rozier v. Griffith, 31 Mo. 171; Spitts v. Wells, 18 Mo. 468; Funk v. Seehorn, 99 Mo.

App. 587. (6) The final judgment entered in the partition case, is a complete bar to this subsequent proceeding. No case under the practice act can be divided into parts and disposed of piecemeal. The final judgment and order of distribution was entered in the partition case on January 17, 1903, as to all the other parties, including defendant Ghio, but excepting four defendants named. The plaintiffs and the fortunate defendants, including Ghio, took their shares of the money the land produced and went on their way rejoicing. Ghio returned, however, to prosecute his crossbill against his remaining codefendants, until he obtained a second final judgment February 17, 1908, from which this appeal was taken. It is not claimed that different issues may not be tried at several times, and in different ways (sec. 767), but it is claimed that all the issues and all the parties must be disposed of by one and the same final judgment (sec. 773). Beshears v. Association, 73 Mo. App. 293; Warren v. Mainwarring, 173 Mo. 21; Estes v. Fry, 166 Mo. 70; Cramer v. Barmon, 193 Mo. 327. (7) The appeal was properly taken from the final judgment entered against appellants, on their refusal to plead further after demurrer overruled. Halsey v. Meinwrath, 54 Mo. App. 335.

*W. B. & Ford W. Thompson* for respondent.

It will be observed from an examination of the amended crossbill and the final decree, which was entered by the court, and from which this appeal is prosecuted, that no personal judgment was asked and no decree entered that affected anything except the proceeds of the sale of the land over which the court had jurisdiction. Therefore, since the demurrer admits all of the facts, which are well pleaded, we believe that the decision in 110 Mo. App., is *res adjudicata* as to the right of James C. Ghio to file a crossbill, and to have the relief which was granted by the lower court

under the directions contained in the opinion of the court of appeals.

GOODE, J.—This case was here on appeal before and the report of the decision is in the 110 Missouri Appeal Reports 475, where a full statement of the intricate facts out of which the controversy grew will be found. To make our present decision intelligible, it is necessary to restate the case in part. John B. Ghio died in 1885, leaving a will wherein he devised and bequeathed his property to three executors and trustees, namely, his widow Elizabeth, his son James C., this respondent, and William Booth. The will is not before us, but from statements in the briefs and recitals in the record, it appears said executors had power to lend the funds of the estate and lent $10,000 to Jacob and Lavina Gates, taking notes from the borrowers secured by a deed of trust on a tract of land in St. Louis county known as the Gates farm. There was also a residuary bequest (we suppose after paying debts and specific legacies) to said executors as trustees, with the direction to divide the residue of the estate into three equal portions, of which one part should be turned over to James C. Ghio, one-third be held for Mary X. Barada, wife of Francis X. Barada, for her life and then to go to her children in fee, and one-third be held for Mary O. Cummisky. The portions of said Mary Barada and Mary Cummisky were bequeathed to the trustees for certain uses set forth in the will. The Gates loan of $10,000 was part of the residue of the estate and hence was subject to the trusts declared in the will. The loan made to the Gateses by the executors and trustees was not paid and there was a foreclosure under the deed of trust. By agreement of the parties in interest, James C. Ghio, one of the three residuary legatees under the will, was appointed to purchase the property at the foreclosure sale, to take and hold as provided in the will of his father,

to-wit, an undivided one-third of the property so pur-chased in fee, and the other undivided two-thirds in trust, one-third for Mary Barada and her children, and one-third for Mary Cummisky. He made the purchase at the foreclosure sale and the trustee in the deed of trust executed a conveyance to him, setting out the capacity in which he bought and took title to the land. The interests of Mary Barada and her children and of Mary Cummisky were subject to sale and conveyance only by the trustees named in John B. Ghio's will and according to its provisions. James C. Ghio took pos-session of the land thus purchased and collected the rents and profits for himself as one of the parties in interest and as trustee for Mary Barada and Mary Cum-misky, the other parties. Subsequently Mary Barada died and her children inherited her interest. While James C. Ghio was in possession on these terms, ac-tions of ejectment were instituted against him by the children and heirs of one John Gates, deceased. There was a great deal of litigation between said Gates heirs and Ghio. He succeeded in defeating some of the ac-tions instituted by them, but one ejectment suit was successful to the extent that Ella Gates, daughter of John Gates, recovered an undivided eleven-sixteenths of the land and $2165 damages for its detention and $35 for the monthly rents and profits. Said ejectment action was instituted against William and Albert Sei-bert, who were tenants under James C. Ghio. Ghio defended the litigation instituted by the Gates heirs, both in behalf of himself and in behalf of his co-owners, the *cestuis que trustent*, Mary Barada and her children and Mary Cummisky. In doing this Ghio paid a consid-erable sum of money for attorney fees and costs, be-sides paying, in the long run, some $4062 on the judg-ment in favor of Ella Gates in the ejectment suit, the rents and profits having accumulated during the ap-peal to the Supreme Court. Ghio gave an appeal bond in that case and was compelled in an action on his bond

to pay the judgment. Subsequently Ghio brought an action for himself and also for the trustees as co-owners with him, which resulted in Ella Gates relinquishing a portion of her interest in the premises, and in that suit, too, Ghio incurred expenses in behalf of his co-owners. Ella Gates married a man named Coffman and she and her husband and C. N. Travous who acquired an interest in the land from her, instituted this action against the other owners for a partition. Among the defendants, when the decree distributing the proceeds of the land came to be entered, were James C. Ghio, Mary Harbaugh and Mary E. Layton. By consent of parties an interlocutory decree in partition was given defining the interests of all the owners, the land was ordered sold, this was done and the sale approved. The decree found James C. Ghio, as an individual, was entitled to five forty-eights interest in the proceeds of the sale, and Mary Harbaugh, Andrew Barada and Mary E. Layton were allowed their distributive shares. Ghio had filed an answer and crossbill in which he set up the amount he had paid in consequence of the judgment in ejectment in favor of Ella Gates, and in prosecuting and defending the litigation he had conducted with the Gates heirs, both for himself and as trustee for his co-owners, and alleged the interests of Mary Harbaugh, Andrew Barada and Mary Layton in the proceeds of the sale should be charged respectively with certain sums on account of said expenses, the other defendants in whose behalf Ghio had litigated having already contributed their proportion of what he had been compelled to pay. The court denied his claim and ordered the distributive shares of these persons paid to them, and Ghio appealed to this court. The decision on the appeal was that James C. Ghio had acted in good faith in bearing the expense and trouble of the litigation with the Gates heirs, both for himself and the parties jointly interested with him, and that he was entitled in equity to contribution from them as

claimed in his answer and crossbill. It was further determined that the jurisdiction of the circuit court in the proceeding was of an equitable nature and it had power to adjust the claims of all the parties in interest; citing certain cases, among them Holloway v. Holloway, 97 Mo. 628. Other cases were cited to show the right of one in good faith who maintains litigation to protect a fund in which he is jointly interested with others, to be reimbursed in his outlay. This partition suit is not a statutory one, but was in equity; for it dealt with equitable estates and interests and the jurisdiction of courts of chancery over suits of that nature has not been ousted by our statutory remedy in partition. [Holloway v. Holloway, supra.] The judgment of the circuit court against Ghio's right to recover was reversed and the cause remanded with directions to proceed with it in accordance with the opinion. After the case was remanded, James C. Ghio filed an amended answer and crossbill, which in no way differed from the one first filed and passed on by this court, except the amounts of certain items of expense, which had been incorrectly stated in the first answer and crossbill, were changed. The appellants filed a demurrer to the amended answer which was overruled, they refused to plead further, the court entered final judgment in favor of James C. Ghio and this appeal was taken. The grounds of demurrer are that the pleading does not state a cause of action; improperly unites two causes of action, one in favor of James C. Ghio as an individual and the other in favor of him as a trustee, requiring different issues, proofs and judgments; the affirmative matter pleaded in the answer was not a defense or a counterclaim against the plaintiffs and had no relation to the subject-matter of the partition suit; the case stated in the answer was not a crossbill within the rules of chancery practice, but a new proceeding not germane to the partition suit, and then alleged final distribution had been ordered January 7,

1903, and after this the court had no further power or jurisdiction to hear and determine other issues in the cause nor to enter a further and second final decree. The last ground of the demurrer makes that document a "speaking demurrer" because, instead of raising a question against the sufficiency of defendant's answer, it alleges new matter *in pais*, which cannot be done. [Story's Eq. Plead. (10 Ed.), sec. 448.] It is apparent from the statement of the other grounds of demurrer that they were all adjudicated on the former appeal wherein we cited authorities to show such equities of the parties to a partition suit as are here involved might be settled in the suit by a court of chancery jurisdiction. Having ruled James C. Ghio was entitled to compensation on a pleading identical with the one now before us, except as to amounts, there is nothing for us to consider. It is true Ghio in his individual right was a party to the litigation with the Gates heirs, as well as in his capacity of trustee for Mary Barada and her heirs and Mary Cummisky, and as an individual would have no claim for contribution. Suffice to say he asks none, but only as trustee.

The judgment is affirmed. All concur.